YALE & BOWLING *v.* TAYLOR MANUFACTURING COMPANY AND
SAME *v.* GULLETT GIN COMPANY.

BUSINESS SIGN.    *Whether required in milling and ginning.  Section* 1300, *Code*
1880, *construed.*

Section 1300 of the Code of 1880 provides that "If any person shall transact
business as a trader or otherwise  *  *  *  *  and fail to disclose the name
of his principal or partner, by a sign in letters easy to be read, placed con-
spicuously at the house where such business is transacted,  *  *  *  *  all
the property, stock, money, and choses in action, used or acquired in such
business, shall, as to the creditors of any such person, be liable for his debts,
and be in all respects treated in favor of his creditors, as his property." This
statute does not apply to a person conducting the business of milling and
ginning for the public, but applies only where the business transacted is that
of a trader or one *ejusdem generis.*

APPEAL from the Circuit Court of Lawrence County.
HON. A. G. MAYERS, Judge.

Yale & Bowling sued out an attachment against one Nelson, and
the writ was levied on a saw-mill, detached engine, pipes, etc.,
which property was claimed by the Taylor Manufacturing Com-
pany ; the writ was also levied on a gin stand, which was claimed
by the Gullett Gin Company. The attachment was sustained
against Nelson, and judgment rendered against him. The cause
then came on to be heard on the claimant's issue.    By agreement
both claims were tried at one hearing by the court without a jury.
The court found in favor of the claimants, the Taylor Manu-
facturing Company and the Gullett Gin Company. Yale & Bowl-
ing, the plaintiffs in the attachment, appealed.

On the hearing it was shown that Nelson was in possession of
the property in question, and with it was carrying on a milling
and ginning business; that he claimed the property and exercised
the control and direction of the business ; that there was no sign
over the door or anywhere about the place of business ; that Nel-
son carried on the business of a merchant three hundred yards
therefrom, and had the sign, " A. J. Nelson," over his store.
The appellees had agreed to sell the property to Nelson, but had
retained the title in themselves until the same was paid for.    The

appellants sought to subject the property so levied on to the payment of the debts of Nelson, under § 1300, Code of 1880, which is as follows :   "If any person shall transact business as a trader or otherwise with the addition of the words ' agent,' ' factor,' and ' company,' or ' & Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be, in all respects, treated in favor of his creditors, as his property."

*Sessions & Cassedy,* for the appellants.

It was contended below that the statute did not apply to the kind of " business" in which Nelson was engaged—that of milling for the public.   He manufactured and sold lumber, and operated his gin and mill for hire or toll and used the various articles of machinery in so doing.

The statute was certainly never intended to be, and is not by its language, restricted to merchandising alone.   Nor has the supreme court so restricted it in the adjudicated cases.   Horses used in the " business " of the livery and sale stableman are held to be liable, and with as much propriety it would seem that machinery (which was not to become a fixture by being placed in any mill) used in the " business " of public ginning, grinding, and sawing would be liable.

*Thompson & Sexton,* for the appellees.

Section 1300, Code of 1880, relates only to such business as is customarily and usually advertised by a " sign." The statute does not require that a borrowed plow-horse shall be labeled while traversing the fields of the borrower, nor does the statute apply to cotton-gins and saw-mills conducted in the country ; nor does the statute apply to any case already provided for by the concluding provisions of § 1293, Code 1880.

The latter clause of the section (1300), that brought in by the words " or if any person shall transact business in his own name

without any ·such addition," is no broader than the first clause; the words " as a trader or otherwise " are clearly understood and meant as limiting the character of business referred to throughout the section.

Business " as a trader or otherwise," means that there are some businesses not embraced within the statute.

Again, the general terms "all the property, stock, money, and choses in action" in this statute are to be restrained by other statutes and by the fitness of things as well.

The construction which would apply the concluding portion of the section to the facts in these cases would render invalid all the mortgages, deeds in trust, judgments, and other liens in the State.

COOPER, C. J., delivered the opinion of the court.

Section 1300 of the Code of 1880 applies only where the business transacted is that of a trader or one *ejusdem generis.*

*Judgment affirmed.*