## W. T. ADAMS v. S. H. BERG.

TRADER. *Property used or acquired in business. Evidence. Instruction.* § 1300, *Code*, 1880, *applied.*

On a trial of the issue whether certain machinery was subject to a judgment against the "A. Manufacturing Company," as having been "used or acquired" in the business of such company, within the meaning of § 1300, Code of 1880, the affirmative evidence tended to show that the company manufactured and dealt in machinery of the particular kind; that such machinery was located in a house occupied by it, and was used in the conduct of its business. The negative evidence was to the effect that there was no such company as the "A. Manufacturing Company," and no "sign" thereof; that A. had attempted to form such company, but failed; that the business was carried on by A. individually, and that the machinery in question was used by him in the prosecution of his business. The trial court held that the property was subject to the judgment against the company by virtue of § 1300, Code of 1880, and instructed the jury to find accordingly. *Held*, that if the evidence offered in the negative be true, the property could not have been subjected by a judgment in favor of creditors of the company, but only by a judgment against A. individually, and in favor of his individual creditors, and the court erred in its instruction to the jury.

---

---

APPEAL from the Circuit Court of Monroe County.

HON. LOCK E. HOUSTON, Judge.

This is an action of replevin brought by W. T. Adams against S. H. Berg, to recover possession of certain property, consisting of miscellaneous machinery.

It appears that Berg purchased the property in question on January 7, 1887, at an execution sale under a judgment in favor of himself against the " R. H. Adams Manufacturing Company." Plaintiff claimed the property by virtue of a purchase under a deed of trust, of earlier date than the judgment, executed by R. H. Adams, individually, and also by virtue of certain notes for the purchase money of the property, in which the title was retained in himself until such notes should be paid.

On the issue whether the property was subject to a judgment against the " R. H. Adams Manufacturing Company," the evidence for the defendant tended to show that the property in controversy was situated in a house occupied by the " R. H. Adams Manufacturing Company ;" that this company was then carrying on the business of manufacturing and selling such kinds of machinery as that in controversy, and that the same was thus used in carrying on their business.

The testimony of R. H. Adams, witness for the plaintiff, was as follows: " There was never any company organized as ' Adams Manufacturing Company,' and not a certificate of stock issued to any one. A meeting was once held and elected witness president, and other officers, but not one of them assumed any duties, and there the matter ended. There was no sign about my place of business, and no one had anything whatever to do with it but myself. I tried to organize a manufacturing company, but failed, and continued the business myself. I caused three advertisements to be made, thinking I would organize a manufacturing company. The property in controversy was used by me in my business."

Thereupon the court instructed the jury to find in favor of the defendant, Berg, and there was judgment accordingly.

The plaintiff appealed.

*W. B. Walker*, for the appellant.

It seems superfluous to argue that the "R. H. Adams Manufacturing Company" had not so managed and transacted the business of R. H. Adams as to condemn his property to pay the debts of such company, when it is shown that no such company existed, and that if it did exist it certainly had no connection whatever, either directly or inferentially, with the business and property of which the property here formed a part. No observer about the place of business of R. H. Adams would ever have suspected that the "R. H. Adams Manufacturing Company" was there conducting a trading business, or had anything to do with the business there transacted by R. H. Adams.

The perversion and distortion of legal ratiocination to sustain such a position as appellee assumes with regard to this statute (§ 1300, Code, 1880) is a novelty.

*Sykes & Bristow*, for the appellee.

The only objection seriously urged by counsel for appellant was as to the informal organization of the "R. H. Adams Manufacturing Company." But whether legally organized or not, the proof abundantly shows that a business was carried on under that name; that R. H. Adams was elected president; that they advertised themselves to the world as "dealers in and keeping in stock," machinery, etc.; that the property in controversy was used in the business; that suit was brought by Berg against the "R. H. Adams Manufacturing Company;" that judgment was rendered by default, and the property sold under the execution, January 7, 1887.

It would be simply a work of supererogation to argue that under these circumstances § 1300 of the Code applies in its fullest force; that as to Berg's debt and his judgment, the property in controversy belonged to the "R. H. Adams Manufacturing Company," whoever or whatever it was, and was primarily liable to Berg's judgment against it.

CAMPBELL, J., delivered the opinion of the court.

Passing by all other questions, it appears to have been a controverted question of fact whether the goods were "used or acquired"

in the business of the "R. H. Adams Manufacturing Company" or not. Berg testified that they were, and Adams not only denied this, but testified that no such being existed as the company named. Certainly, if Adams' testimony is true, the goods were not vested in Berg by his purchase. Adams' creditors were entitled to subject them under § 1300 of the Code, but not the creditors of the company spoken of. The instruction to the jury to find for the defendant should not have been given.

*Reversed and remanded.*