HALL'S SELF-FEEDING COTTON GIN COMPANY *v.* S. H. BERG.

TRADER. *Possession of property. Sec.* 1300, *Code of* 1880, *construed.*

The mere permissive possession of property by a trader, where he has neither acquired an interest in nor a right to "use" such property in his business, is not sufficient to bring it within the operation of Section 1300, Code of 1880, which provides that all property "used or acquired" by a trader in carrying on his business shall, as to his creditors, be liable for his debts, and be treated as his property.

APPEAL from the Circuit Court of Monroe County.

HON. L. E. HOUSTON, Judge.

This is an action of replevin brought by Hall's Self-feeding Cotton Gin Company against S. H. Berg to recover possession of two gin stands and feeders.

It appears that one R. H. Adams was the agent of the plaintiff for the sale of their machinery, and had in his possession for such purpose the property in question. Afterwards he organized the R. H. Adams Manufacturing Company, and thereupon, on Nov. 25, 1885, wrote to the plaintiff, discontinuing his agency and asking what disposition he should make of this property. Plaintiffs replied directing him to store it, subject to their order. Accordingly he placed the property in question in the blacksmith shop of the R. H. Adams Company, which was located on the same lot on which such company were carrying on the business of manufacturing and dealing in agricultural and other machinery. There was no sign of any kind about the premises.

On Aug. 14, 1886, S. H. Berg brought an action against the Adams Manufacturing Company to enforce a mechanic's lien, and on Sept. 13, 1886, obtained an auxiliary attachment which he caused to be levied on the property in controversy, while still located in the place above stated.

On Nov. 18, 1886, judgment was rendered enforcing the mechanic's lien, sustaining the attachment and ordering the property levied on thereunder to be sold. At the sale, Clifton & Eckford were the purchasers, but by agreement the property was left in the hands of S. H. Berg, against whom the present action was brought.

The cause was submitted to the court by consent and judgment was rendered for the defendant, S. H. Berg. The plaintiff appealed.

*George C. Paine*, for the appellant.

Before any chattels can be made liable to the debts of a trader, as classified and catalogued under § 1300 of the Code, the chattels *must be used or acquired* in the business.

This has been the universal ruling of this court in its repeated construction of § 1300 of the Code.

The enactment of § 1300 was not for the purpose of contrabanding chattels deposited temporarily with traders, although the chattels deposited were of a similar character to those kept in trade by the trader; but it was for the wise and just purpose of preventing the assertion of secret claims to chattels that were

used and acquired in their business, and that had, from thus having been *used* or *acquired* in their business, given them a basis of credit.

*Sykes & Bristow*, for the appellee.

We submit the provisions of § 1300, Code of 1880, apply in this case in letter and spirit.

The " R. H. Adams Manuf'g Co." were *traders*, " dealers in and keep in stock " cotton gins ; and therefore the exception in *Yale & Bowling* v. *Taylor Manufacturing Co.*, 63 Miss., 598, does not apply.

*They* did business *in the house themselves,* and therefore the exception in *Wolf & Marks* v. *Kahn*, 62 Miss., 814, does not apply.

They were not *factors* or *auctioneers*, and therefore the exception hinted at in *Shannon* v. *Blum & Co.*, 60 Miss., 828, does not apply.

Appellants are now, after allowing property to remain nearly a year in the hands of a dealer in just such goods, "asserting a secret claim of ownership against the creditors of him " [the Adams Manufacturing Co.], "who has been permitted to possess property in his" [its] "business as a trader and appears to be* its owner," which the court say they are precluded from doing by § 1300. *Paine* v. *Hall Safe & Lock Co.*, 64 Miss., 175.

The *indicia* of ownership declared in the case just cited, to be *conclusive* (in the absence of a sign "in letters easy to be read "), are all here in the R. H. Adams Manufacturing Co., "the possession, dominion and control of the property."

The contention that the property here was not *used* or *acquired* in the business—because *these very* gins were not offered for sale—and because they were merely stored in the company's place of business, cannot be maintained. The company were " dealers in " and " keepers in stock " of just such goods. No one going to their place of business could tell which gins were *on sale* and which *in store*.

COOPER, C. J., delivered the opinion of the Court.

We think the property sought to be recovered in this suit

is not, by reason of Section 1300 of the Code of 1880, to be treated as the property of the Adams Manufacturing Company, in favor of its creditors. Neither the letter nor the spirit of the statute find application under circumstances disclosed by the record. The gins were neither " acquired " nor " used " by the company in the business transacted by it. They were, it is true, in the possession of the company, and third persons may have been induced by such possession to give it credit upon the faith that it had title to them; but the presumption of ownership arising from the possession of personal property is not conclusive unless made so by the statute. The field of the operation of the statute is a broad one, and within it lie all the evils intended or necessary to be relieved against. If a trader, by any sort of contract, acquires the property with which he deals, the statute, in favor of his creditors, cuts off any secret claim which the party from whom it was acquired may have reserved by his contract, as where a conditional sale is made. *Paine* v. *Hall Safe & Lock Co.*, 64 Miss., 175. Or where money is furnished to be invested by the trader in goods to be consigned to the party furnishing the money. *Gumbel* v. *Koon*, 59 Miss., 264. So, also, where the owner intrusts property of a like character as that in which the trader deals, to be by him sold for account of the owner, such " use " of the property subjects it to the operation of the statute. *Shannon* v. *Blum*, 50 Miss., 828. But where, as in this case, the trader neither " acquires" any interest in the property, nor a right to " use " it in his business, the mere fact of possession, even though it be one permitted by the owner, is not effectual to bring the property within the operation of the statute.

*The judgment is reversed.*