## W. T. ADAMS *v.* S. H. BERG.

1. SEC. 1300, CODE 1880.  *When applicable.  Consent of owner.*
   Sec. 1300 of the code does not apply except where the thing sought to be treated as the property of him who transacts business with it, is in possession in such business *with the consent of the owner.*

2. SAME.  *Property acquired without consent of owner.*
   Although personal property which the owner permits to be used by the trader in his business, may, by § ‘1300, code 1880, be liable for the latter's debts, it will not be liable for the debts of a third person who afterwards acquires possession of such property *without the owner's consent.*

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

The appellant, W. T. Adams, brought this action of replevin against the appellee, S. H. Berg, to recover certain machinery and tools alleged to be unlawfully detained.  The property was sold by appellant on credit to one R. H. Adams, who, to secure the price, executed a trust deed upon the property to appellant.  The conditions of the trust deed having been broken, the appellant purchased the property at the trustee's sale, and relied at the trial upon the title thus secured.  In the notes which evidenced the purchase, it was also expressly stipulated that the title should remain in the vendor, W. T. Adams, until the notes were paid.

The defendant objected to all the testimony relating to the deed of trust, because the property was not sufficiently described, and the objection was sustained, and the testimony rejected.

Under the contract of sale the property passed into the possession of R. H. Adams, who at the time was carrying on the business of repairing machinery and engines, and who kept such articles for sale.  Afterwards R. H. Adams organized, or attempted to organize, an incorporated company to succeed himself in the business, and in pursuance of this scheme a charter was prepared and published, and directors were selected; the name given to the company being the "R. H. Adams Manufacturing Company."

It was a disputed question of fact as to whether the formation of the corporation and organization of this company was ever com-

pleted, but it proceeded to transact business and incur debts, and the property in controversy passed into its possession, R. H. Adams remaining in charge as before. The view of the case taken by the court, in its opinion, makes it immaterial whether or not a corporation actually came into legal existence.

The appellee, Berg, recovered a judgment against the R. H. Adams Manufacturing Co., and execution thereon was levied upon the property in controversy, and Berg became the purchaser at the sale, and received possession of the property. There is no evidence that the appellant, W. T. Adams, who sold the property in the manner above stated to R. H. Adams, had any knowledge of the transactions between R. H. Adams and the R. H. Adams Manufacturing Co., by which the latter acquired possession of the property.

By the instructions given for the defendant, the court announced the rule that if R. H. Adams at the time the debt to Berg was contracted was conducting a business under the name of the R. H. Adams Manufacturing Co., and in said business owned, used or acquired the property sued for, the jury should find for the defendant. It is unnecessary to further set out the evidence or the many points presented by the record.

The verdict and judgment were in favor of the defendant, and the plaintiff appeals.

*W. B. Walker,* for appellant.

The vice of the charges given for the defendant was in telling the jury if the property in controversy was at any time used or acquired by the R. H. Adams Mfg. Co., and particularly by R. H. Adams holding himself out as such company, although without any sign about his place of business, it was subject to a judgment in favor of Berg. We do not think that the use of property by a trader in such a way that it becomes liable for his debts, although belonging to another, will stamp as contraband ever after the property once so used. The statute, code 1880, § 1300, has reference to the attitude of the parties and property at the time of the levy.

*Sykes & Richardson,* for appellee.

The property being found at the Adams Mfg. Company's estab-

lishment, and appellee having shown that the same was there used and acquired in its business, properly relied upon section 1300 of the code.

The instructions, *pro* and *con,* fairly covered the case, and without entering upon an elaborate argument in reference thereto, we venture to say that, upon the whole case, the verdict of the jury was clearly right. If there be erroneous instructions, the verdict will be attributed to the facts which make it right, rather than to the erroneous instructions which would make it wrong. *Graham* v. *Fitts,* 53 Miss. 307 ; *Germania Fire Ins. Co.* v. *Francis,* 52 Ib. 459.

The same result would necessarily be reached if the case were tried a dozen times. It should therefore be affirmed.

*E. H. Bristow,* on the same side.

It would be simply a work of supererogation to argue that, under the proven circumstances, § 1300 applies in its fullest force ; that as to the appellee's debt and his judgment the property belonged to the R. H. Adams Mfg. Co., whoever or whatever it was; and that it was primarily liable to said judgment. If R. H. Adams was doing business as the R. H. Adams Mfg. Co., and appellee gave him credit as such, and the property was used or acquired in the business, then certainly it was liable to the execution.

CAMPBELL, J., delivered the opinion of the court.

Section 1300 of the code does not apply, except where the thing sought to be treated as the property of him who transacted business with it was in his possession in such business, *with the consent of the owner.* One who puts his property in the possession of another for use in his business, whereby that other is made to appear to be the owner, may justly be denied the right to assert his secret claim of ownership to such property, as against a creditor of him who used it in his business, and that is the provision of the statute. The appellant sold the articles to R. H. Adams, reserving title until they should be paid for. They might have been seized under execution against R. H. Adams, and held liable for his debts by § 1300 ; but they could not be subjected, by virtue of this section, for the debts of any person deriving title from him, and not having

the consent of W. T. Adams, in whom the title was, to the arrangement. The evidence shows that Berg was a director of the R. H. Adams Manufacturing Co., and that the articles were purchased of the appellant by R. H. Adams individually, and it does not appear that the appellant had any dealings with the company, or any knowledge of its existence, which is the matter of dispute. It would be a perversion of justice, as well as of § 1300 of the code, to permit a defeat of the rights of the appellant by Berg.

*Reversed and remanded.*