CITIZENS' BANK OF WINONA ET AL. *v.* STUDEBAKER BROS. MFG. CO.

PROPERTY USED IN TRADE.  *Liability to debts.*  *Code* 1892, § 4234.

Under § 4234, code 1892, making liable to the debts of a trader who transacts business in his own name all property "used or acquired in his business," where wagons are placed in the custody of a merchant and kept in a lot adjoining his store, to be sold as a part of his stock, they are subject to his debts, though sold on commission for a manufacturer who reserves the legal title as security for the price. *Shannon* v. *Blum*, 60 Miss., 828.

FROM the circuit court of Montgomery county.

HON. C. H. CAMPBELL, Judge.

Purnell & Grider, merchants at Winona, Miss., were the agents of the Studebaker Bros. Mfg. Co., under a written contract by which they were to sell wagons on commission, making remittances from time to time. They were to pay freight, taxes and all other expenses, and keep the property insured for the benefit of said company. As security, the legal title was reserved by the company. The contract was made in 1889. Among other things, it provided as follows: "At the option of said company, or after nine months from

the date of each invoice, they [Purnell & Grider] will pay cash for all of such invoice of goods remaining on hand or unsold, or give their note at three months, with interest." Several years before this controversy, the company shipped to Purnell & Grider a lot of wagons, with gearing and seats, among which were those in controversy. The wagons were kept on a lot in rear of their store-house, and, as they were sold, remittances of the proceeds, less commissions, were made periodically, in accordance with the contract. Painted on each of the wagons were the following words: "Sold by Purnell & Grider, Agents, Winona, Miss.;" and at other places these words: "The Studebaker Bros. Mfg. Co., South Bend, Ind., U. S."

In December, 1892, Purnell & Grider failed in business, and a lot of these wagons and spring seats were levied on under attachment writs in favor of their creditors. When levied upon, the wagons were on the lot above mentioned, and the seats were found in the store. Defendants were engaged in a general mercantile business, under the sign "Purnell & Grider."

Appellee interposed a claim for the property, and an issue was made up, which, by consent, was tried by the court without a jury. Judgment was rendered for claimant; hence this appeal.

*Sweatman, Trotter & Knox*, for appellants.

Though sold by Purnell & Grider as agents, the wagons are liable for their debts under § 4234, code 1892. They were selected to sell the wagons because they were merchants and the wagons were goods of a like character with other stock kept by merchants. When placed in the hands of these parties, they were liable to be taken for their debts. *Shannon* v. *Blum*, 60 Miss., 828; *Hall* v. *Berg*, 65 *Ib.*, 184.

The names on the wagons did not indicate ownership. Besides, the sign contemplated by the statute is a general one under which the business is transacted, not mere brands

or names on the goods. A sign does not determine owner- ship of property. 62 Miss., 814.

It is the fact that the property is " acquired or used in the business" which renders it liable to creditors. The statute was intended to prevent the assertion of secret claims. *Paine* v. *Hall*, 64 Miss., 175; 65 *Ib.*, 187; 67 *Ib.*, 236.

*Southworth & Stevens*, for appellee.

1. We contend that the provisions of the statute were amply complied with. The wagons were stored on a lot apart from the mercantile business, and on each one, in prominent letters, was the name of the owner and the words, " Sold by Purnell & Grider, Agents." This was notice to the world. No sane man would extend credit to the agents by reason of the fact that they had and sold the wagons. The exact status of the property was shown.

It cannot be said that this property was acquired or used in the business of Purnell & Grider. Without a breach of trust, they could not use either the property or its proceeds in their business. *Hall* v. *Berg*, 65 Miss., 184; *Adams* v. *Berg*, 67 *Ib.*, 234.

2. The case is settled by the decision in *Kinney* v. *Paine*, 68 Miss., 258, where this court said the statute " has no application in a contest between creditors of the common debtor."

This case presents the usual avarice of attaching creditors in attempting to destroy the property rights of others, who, perhaps, have been more unfortunate than themselves, and far more innocent.

COOPER, J., delivered the opinion of the court.

The rights of the parties to this suit are governed by § 4234, code 1892 (§ 1300, code 1880), under which the property in controversy was, as to the creditors of Purnell & Grider, the property of that firm. The facts of this case do not distinguish it, in principle, from that of *Shannon* v. *Blum*, 60 Miss., 828.

*The judgment is reversed and cause remanded.*