ISAAC L. LYONS ET AL. *v.* SOLOMON S. STEELE & CO.

BUSINESS SIGN.    *Code* 1892, § 4234.    *Insurance agency.    Undisclosed principal.*

Code 1892, § 4234, providing that in case any person transacting business as a "trader or otherwise," with the addition of the words . . "agent," and company," or "& Co.," or like words, shall fail to disclose the name of his principal or partner by a sign in letters easy to be read, etc., all property used or acquired in the business shall be liable for the debts of the person so transacting business, has no application to a person transacting business solely as an insurance agent.

FROM the circuit court of Leflore county.

HON. J. T. DUNN, Judge.

Lyons and another, appellants, were plaintiffs in the court below; Steele and others, composing the copartnership of Richardson & Co., were defendants there. Lyons and others recovered judgment against the defendant, Richardson & Co. Steele, one of the defendants, with others afterwards formed a corporation under the name "Solomon S. Steele & Co.," for the purpose of engaging in the insurance business. This corporation acted as agent for insurance companies in placing insurance business and writing insurance policies. Solomon S. Steele was vice president. The corporation had an office, in front of which was a sign upon which was "Solomon S. Steele & Co." Lyons and another, appellants, had execution issued on their judgment, and it was levied upon some office fixtures and furniture belonging to the corporation and in the office where the sign was. Solomon S. Steele & Co., the corporation, appellee, filed a claimant's affidavit and bond for the property. The case was tried in the circuit court before the judge, a jury having been waived. From verdict and judgment for the claimant, plaintiffs appealed to the supreme court.

*S. R. Coleman,* for appellants.

The Standard Dictionary defines "otherwise" to mean "differently," "in another way," "in a different manner." The court should give this meaning to the word "otherwise" as used in Code 1892, § 4234. Surely Steele was doing business in the house "otherwise"—that is, in a different manner—than as a trader.

*Gwin & Mounger,* for appellee.

The statute (Code 1892, § 4234) applies only to traders and those *ejusdem generis. Yale* v. *Taylor,* 63 Miss., 598; *Willis* v. *Memphis, etc., Co.,* 19 South. Rep., 101.

Truly, J., delivered the opinion of the court.

This case is controlled by the cases of *Yale* v. *Taylor,* 63 Miss., 598; *Willis* v. *Memphis Grocery Co.,* 19 South. Rep., 101. Code 1892, § 4234, has no reference to a person transacting business solely as an insurance agent. The office furniture and fixtures used in such insurance business are not subject to the provisions of that section.

*Affirmed.*