### In re SHUMAKER.

### INTERNATIONAL SHOE CO. v. SHUMAKER'S TRUSTEE.

(District Court, N. D. Mississippi, E. D. January 24, 1922.)

No. 362.

1. **Sales** ⊂⇒301—**No lien on goods sold to dealer for resale.**
    Under Code Miss. 1906, § 3079 (Hemingway's Code, § 2436), providing that a vendor of personal property shall have a lien for the unpaid purchase money, there was no lien on shoes sold to a dealer for purpose of resale by him in his mercantile business.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Sales ⊗═302—No lien under statute on goods sold and delivered in another state.

Code Miss. 1906, § 3079 (Hemingway's Code, § 2436), giving the seller of personal property a lien for the unpaid purchase money has no extra-territorial effect, and if a sale was consummated and delivery had beyond the limits of the state to one doing business in the state, the title was perfected in the purchaser before the goods were brought into the state, and the statute could not operate to give a lien.

3. Principal and agent ⊗═145(1)—No lien on goods sold dealer, when seller had no sign at dealer's place of business.

Even though one selling goods to a dealer for resale had a purchase-money lien thereon, it was cut off by Code Miss. 1906, § 4784 (Hemingway's Code, § 3128), relative to business signs, where the seller had no sign displayed at or about the buyer's place of business, and no instrument was on record evidencing the lien.

In Bankruptcy. In the matter of S. J. Shumaker, bankrupt. On review of an order of the referee denying the claim of the International Shoe Company to a lien on certain property. Affirmed.

The petitioner, the International Shoe Company, doing business in the state of Missouri, sold certain shoes to S. J. Shumaker amounting to $3,-193.05. Thereafter the said Shumaker was adjudicated a bankrupt and a trustee appointed, whereupon the said shoe company filed its duly verified claim alleging that certain shoes on hand were sold by it to the said Shumaker, and that it was entitled to a lien on said shoes by virtue of section 3079 of the Mississippi Code of 1906. It was conceded that Shumaker was a merchant doing business in Mississippi, and that said shoes were sold by the petitioner to him for the purpose of resale and that said Shumaker bought said shoes with the intention of reselling them in his mercantile business in Mississippi, all of which was known to the seller of the shoes, and impliedly consented to. It was further conceded for the purpose of this hearing that the said Shumaker was doing business in Mississippi under the sign "S. J. Shumaker," and that the petitioner, International Shoe Company, had no sign displayed at or about Shumaker's place of business, nor did they have any instrument on record with regard to the shoes; the only lien claimed being a statutory lien under section 3079 of the Mississippi Code of 1906. It does not appear from the record whether said shoes were bought in the state of Missouri or the state of Mississippi, nor when nor where they were delivered to the said Shumaker by the said International Shoe Company. The referee, S. P. Clayton, denied the petition. His opinion is as follows:

"This is a suit brought by the Peters Branch of the International Shoe Company, commonly called the Peters Shoe Company, and it will be referred to by me as the Peters Shoe Company. The substance of the claim is that the petitioner claims a purchase-money lien on a certain lot of shoes now in the possession of the trustee by virtue of section 3079 of the Code of 1906 of the state of Mississippi, which is section 2436 of Hemingway's Code. The shoes, by agreement, were sold by the trustee separately and brought $225, and the litigation is with reference to the proceeds. The question involved in this case has already been decided by Hon. Edwin R. Holmes, District Judge, in the case of Brown Shoe Co. v. Wright & Weissinger, 277 Fed. 514, which case went up from the Delta Division. In his opinion. Judge Holmes held that the title of the trustee was superior to that of petitioning creditors. In that case, however, Judge Holmes did not consider the question of the effect upon this matter of what is known as our "business sign statute," which is section 4784 of the Code of 1906 and section 3128 of Hemingway's Code, and in view of the request of counsel to that effect I am going to give my views as to what effect this statute has upon a case like the present.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The present counsel for the Peters Shoe Company also represented the Brown Shoe Company in the case of Brown Shoe Co. v. Wright & Weissinger, above cited. In their brief in that case, and which they have made their brief in this case, they stress the point that under the decision of the Supreme Court of Mississippi in the case of Dodds v. Pratt, 64 Miss. 123, 8 South. 167, Judge Campbell in deciding that case held that this business sign statute was not intended to derange the order of priority among the creditors of a merchant. It is true that Judge Campbell used that language in that case, and as applied to the facts of that case his decision and statement was unquestionably correct. An examination of the Dodds Case and the case of Paine v. Hall Safe Co., 64 Miss. 175, 1 South. 56, also decided by Judge Campbell, and the case of Tufts v. Stone, 70 Miss. 54, 11 South. 792, will disclose the fact that in the Dodds Case the deed of trust upon the stock of merchandise from Kizer to Dodds as trustee was recorded, and of course was prior to the judgment lien. This fact is not disclosed in the statement of facts in the Dodds Case, but a reading of the Dodds Case in connection with the other cases mentioned above will disclose that fact. Then the case of Dodds v. Pratt simply held that when a creditor has a prior lien which is recorded, then his lien cannot be disturbed by the business sign statute. This is clearly shown by the decision of Judge Woods in the Tufts Case, cited in 70 Miss. 58, 11 South. 793, in which he says: 'While the trader must unite in himself title and possession of property used in his business, he may surely incumber the same by mortgage, and, with the instrument acknowledged and recorded, his mortgagee must not be stripped of his rights under the mortgage. See Dodds v. Pratt, 64 Miss. 123, 8 South. 167.'

"Does not this show the real meaning of Dodds v. Pratt? Certainly Judge Woods would not have cited it as he did unless it meant that the trust deed in that case was recorded. And again, referring to Paine v. Hall, 64 Miss. 175, 1 South. 56, you will see on page 57 of 70 Miss., page 792 of 11 South., that the counsel for Mrs. Stone say that the Tufts Case only differs from the case they were briefing in that in the Paine Case the retention of the safe was not recorded. I think this disposes of Dodds v. Pratt. As to the case of Norris v. Trenholm, 209 Fed. 827, 126 C. C. A. 551, 31 Am. Bankr. Rep. 353, it is sufficient to say that in that case only fixtures were involved, and besides that the business sign statute was not mentioned or considered. The purpose of this business sign statute has been set out time and time again by the Supreme Court of this state as being intended to cut off all secret claims, so as to prevent the assertion against the creditors of the trader, to unite in him both possession and title. One of the most recent cases is that of Fitz Gerald v. American Mfg. Co., 114 Miss. 580, 75 South. 440.

"So far as I have been able to find, there is only one state in the Union which has a statute practically the same as ours, and that is Virginia. I think our statute must have been practically copied from theirs. This Virginia statute has been construed by the Circuit Court of Appeals of the Fourth Circuit on several occasions. In the recent case of Virginia Book Co. v. Sites, Trustee, 251 Fed. 46, 165 C. C. A. 456, it again passed upon their statute, which is therein set out in full. One Magee was a book seller, and had consigned to him books for sale under an unrecorded contract, by which the title to the books remained in the book company. Two days before the petition in bankruptcy was filed the book company took possession of its books then on hand, as it had a right to do under its contract. The court, after setting out the business sign statute, held that this property did not belong to the book company, but passed to the trustee.

"With this construction before me I am therefore of the opinion that the business sign statute of this state, in a case like the one in question before me would cut off any claim under a purchase-money lien, unless the claim was duly recorded, and, if recorded as to merchandise, it would be invalid. There will be an order therefore dismissing the petition."

James T. Crawley, of Kosciusko, Miss., for the bankrupt.
Leftwich & Tubb, of Aberdeen, Miss., for objecting creditors.

HOLMES, District Judge (after stating the facts as above). [1] The International Shoe Company had no lien upon the shoes in controversy because it sold said shoes to S. J. Shumaker for the purpose of resale in the mercantile business of the latter. See In re Matter of Wright & Weissinger, 47 Am. Bankr. Rep. 283, 277 Fed. 514; also Valier & Spiers Milling Co., Petitioners, v. George M. Foote, Trustee of J. F. Howard & Co., 277 Fed. 519.

[2] Furthermore, it does not appear from the record where the contract of sale was entered into, or where the shoes were delivered to the purchaser. Certainly the Mississippi statute can have no extraterritorial effect. If the transaction was consummated and delivery had beyond the limits of the state of Mississippi, then the title to the shoes was perfected in the purchaser before they were brought into the state, and the Mississippi purchase-money lien statute could not operate to give a lien in a transaction that took place under another sovereignty.

[3] In addition to what has been said in the Cases of Wright & Weissinger and Valier & Spiers Milling Company, supra, it may be added that, conceding the petitioner had a purchase-money lien, it was cut off by the Mississippi sign statute, viz. section 4784 of the Mississippi Code of 1906. Secret unrecorded liens of this kind were exactly the evils which the sign statute was intended to do away with.

The decision of the referee is correct, and will be affirmed.