### In re HEMMING.

### ROME MFG. CO. v. BAILEY.

#### No. 1218.

District Court, S. D. Mississippi, E. D.
Aug. 17, 1931.

E. B. Williams, of Meridian, Miss., for petitioner.

Thomas L. Bailey, of Meridian, Miss., in pro. per.

HOLMES, District Judge.

The Rome Manufacturing Company, feeling aggrieved at the action of the referee, has filed a petition for review of an order made by him in which he denied the petitioner's claim for three large road-building machines in possession of the bankrupt at the time of adjudication, and subsequently taken charge of by the trustee, who is now claiming them for the benefit of the general creditors under what is known as our sign statute, section 3352 of the Mississippi Code of 1930. The reclamation petition asked for the return of the property or the payment in lieu thereof of the unpaid purchase money, amounting to $4,499.70. The referee held that the petitioner was entitled to no relief, except to be allowed to prove its claim as a general creditor which was granted.

A. E. Hemming was engaged in the business of a manufacturer of wagons and other things under the style and firm name of Hemming Wagon Factory. He bought timber and other raw materials, manufactured them into wagons, and sold the finished products. When the wagon business fell off, he bought lumber, manufactured it into bleacher seats and ladders, and sold these also. The same individual, under the same name of Hemming Wagon Factory, was also engaged in the business of buying and selling road machines or graders, and parts for the same, which he bought from the petitioner under a written contract in which title was retained in the seller until the purchase price was fully paid. The instrument is in evidence, but has never been recorded in accordance with any registration laws.

Both vocations were pursued in the same buildings or places of business in the city of Meridian, Miss. There were two locations, separated by the distance of about a mile, in each of which a part of each business was transacted. At the factory plant, where wagons and other things were manufactured and sold, parts for the graders were also kept and sold, but not manufactured. At the office and warehouse, the other situs, the business of the manufacturer as well as of the dealer was transacted, and graders were kept and sold.

The graders in controversy were kept in the warehouse which is under the same roof with the office where both businesses were partially being conducted. That compartment of the building where they were found by the trustee was known as the warehouse, and was separated from the office by a partition, but connected with it by doors in the partition. There was a toilet in the back end of the building used by the people who worked in the office. Stationery and other office supplies of the wagon factory were kept in that part of the building where the graders were stored. Over the door of the office, which was connected with the warehouse as stated, was a sign, reading: "Office, Hemming Wagon Factory," which was the only sign about the premises.

The same individual may be engaged in two or more distinct business enterprises. He may be a farmer and a lawyer, a doctor and a druggist, a merchant and a farmer, or may engage separately in other different professions and vocations. The law regards each separately. A privilege license for one business does not ordinarily cover another carried on by the same individual. Smith v. Perkins, 112 Miss. 870, 73 So. 797. Even a municipality may perform governmental functions and carry on a private business for profit at the same time. Yazoo City v. Birchett, 89 Miss. 700, 42 So. 569.

Hemming, the bankrupt, was a manufacturer, but the property claimed by the trustee was not made by him or used or acquired in manufacturing. He was also engaged in the business of buying and selling road machines and parts for profit. The unrecorded contract between him and the petitioner designates him as a dealer in such merchandise. The agreed facts justify such a characterization. The words "dealer" and "trader" are synonyms. "A dealer is one whose business it is to buy and sell as a merchant, shopkeeper, or broker—a trader. Century Dictionary. A trader is one who makes it his business to buy merchandise, goods, or chattels to sell the same at a profit. Bouvier, Law Dictionary." State v. Rosenbaum, 80 Conn. 327, 68 A. 250,

251, 15 L. R. A. (N. S.) 288, 125 Am. St. Rep. 121. "A dealer, in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again." Norris Brothers v. Commonwealth, 27 Pa. 494. "Dealers are the middlemen between the manufacturer or producer and the consumer." Commonwealth v. Campbell, 33 Pa. 380; Commonwealth v. Vetterlein, 214 Pa. 21, 63 A. 192, 193.

The Mississippi sign statute "applies only where the business transacted is that of a trader or one ejusdem generis." Yale v. Taylor, 63 Miss. 598; Van Range Co. v. Allen (Miss.) 7 So. 499; Lyons v. Steele, 86 Miss. 261, 38 So. 371; Oliver v. Ferguson, 112 Miss. 521, 73 So. 569; Willis v. Memphis Grocery Co. (Miss.) 19 So. 101. This is true where there are separate and distinct lines of business carried on by the same corporation. The property of the nontrading one is not within the statute. Orr v. Jackson Jitney Car Co., 115 Miss. 140, 75 So. 945; Sayers & Scoville Co. v. Doak, 127 Miss. 216, 89 So. 917.

■ The personal property sought to be reclaimed by the seller in this case was acquired and used by the bankrupt in his business as a dealer in graders and parts. As to this property he was a trader within the purview of section 3352 of the Mississippi Code of 1930, as construed by the Supreme Court of the state. Under this statute and the facts as stated, all property used or acquired by Hemming, the trader, in his business as such trader, is liable for his debts, and must be in all respects treated in favor of his creditors as his property. Gumbel v. Koon, 59 Miss. 264; Quin v. Myles, 59 Miss. 375; Shannon v. Blum, 60 Miss. 828; Paine v. Hall Safe & Lock Co., 64 Miss. 175, 1 So. 56; Howe v. Kerr, 69 Miss. 311, 13 So. 730; Bank v. Studebaker, 71 Miss. 544, 14 So. 733; Gillaspy v. Harvester Co., 109 Miss. 136, 67 So. 904; Payne Hardware Co. v. Harvester Co., 110 Miss. 783, 70 So. 892.

In Dodds v. Pratt, wherein Judge Campbell held that the sign statute did not derange the order of priority among creditors, the deed of trust was recorded. The official report of the case, in 64 Miss. 123, 8 So. 167, does not so state, and the transcript of the record in the Supreme Court seems to be lost, but an examination of the original record in the office of the chancery clerk discloses this to be true. Under present decisions the case is authority only for the proposition that, where the instrument is recorded, the statute does not derange the order of priority among creditors. It is therefore not applicable here where the instrument reserving title in the seller was not recorded. In re Loeb's, Incorporated (D. C.) 279 F. 269, 48 A. B. R. 126; In re Caver, Caver & Co. (D. C.) 42 F.(2d) 293; In re Shumaker (D. C.) 277 F. 521, 47 A. B. R. at bottom of page 505 and top of page 506.

Accordingly, the order of the referee is affirmed.