### In re MATHENY.
#### No. 2998.

District Court, S. D. Mississippi, Jackson Division.

March 30, 1932.

Lotterhos & Travis, of Jackson, Miss., for petitioner.

May, Sanders, McLaurin & Byrd, of Jackson, Miss., for trustee.

HOLMES, District Judge.

The petitioners, Spear & Suskind, of Providence, R. I., are engaged in the business of manufacturing jewelry and other merchandise and selling it at wholesale. They seek to review an order of the referee denying their claim for reclamation of a number of articles delivered on December 12, 1931, to R. G. Matheny, trading as R. G. Matheny & Co., a retail merchant doing business in Jackson, Miss.

The invoice for the goods, prepared by petitioner, recites that they were "sold to R. G. Matheny & Co., 157 E. Capitol St., Jackson, Mississippi." The terms of sale are set forth therein as "On memorandum." The memorandum stamped immediately preceding a description and price of the articles sold is as follows: "The goods described and valued below are sent to you for examination on memorandum remaining our property and shall be returned to us when requested."

When the goods were received by Matheny, they were placed in stock with his other merchandise, and displayed for sale as his property in his regular place of business where he was doing business under a sign as R. G. Matheny & Co. Some of the articles were sold, but this contest is over such as remained unsold and came into the hands of the trustee in bankruptcy.

On December 30, 1931, an involuntary petition in bankruptcy was filed by three creditors against the above-named bankrupt, and on January 5, 1932, a voluntary petition in bankruptcy was filed by him praying that he be adjudged a bankrupt. The adjudication was subsequently made and a receiver in bankruptcy appointed, who, pursuant to the order of his appointment, took possession of the stock of goods of the bankrupt, which included the property in controversy. After adjudication, the involuntary and voluntary petitions were consolidated and a trustee appointed, who took possession of the property claimed by the petitioner and now claims the same for the benefit of creditors under section 3352 of the Mississippi Code of 1930, known as the Sign Statute, which provides as follows:

"3352. *Business Sign, and What to Contain.*—If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

The petitioners claim title to the property, notwithstanding the above statute, because they say the goods were merely shipped or delivered for examination, and were to be returned when requested. The testimony discloses that petitioners had for many years

been doing business with the bankrupt, and nearly every year had shipped him goods known as holiday goods, to be sold during the Christmas season. The last consignment was the one in controversy, consisting of articles of the value of $970. Further, as the seller intended that he should, the bankrupt commingled all of said goods with his stock of similar kind and character and sold as much of it as he could, which, in fact, was about one-fourth. There now remains in the hands of the trustee certain articles of the shipment amounting in value to $755.55.

There was no sign of any description showing that these goods were the property of any one other than the trader. In fact, the only mark of identification on them was a small number placed on each article which corresponded with the number of the articles listed in the memorandum that was kept in the bankrupt's safe. In years past, when similar shipments had been made under similar circumstances, after displaying the goods over the holiday season, the bankrupt had kept all of the goods some of the times and at other times only a part, returning the balance.

▆▆ That the property in controversy was both acquired and used by the trader in his business is clear from the undisputed facts. The agreement to return when requested is inoperative as to any creditor or creditors of the trader under the statute above quoted, and, as the trustee in bankruptcy is entitled to all the rights and remedies of a creditor who has obtained a lien by attachment or otherwise, it is inoperative as to him. Shannon v. Blum, 60 Miss. 828; Adams v. Berg, 65 Miss. 3, 3 So. 465; Adams v. Berg, 67 Miss. 234, 7 So. 225; Bank v. Studebaker, 71 Miss. 544, 14 So. 733; Meridian Land & Industrial Co. v. Ormond, 82 Miss. 758, 35 So. 179; Merchants' & Farmers' Bank v. Schaaf, 108 Miss. 121, 66 So. 402; Gillaspy v. International Harvester Co., 109 Miss. 136, 67 So. 904; Payne Hardware Co. v. International Harvester Co., 110 Miss. 783, 70 So. 892; Durant Motor Co. v. Simpson, 160 Miss. 313, 133 So. 672; Patterson-Sargent Co. v. Rumble (C. C. A.) 280 F. 377; In re Caver, Caver & Co. (D. C.) 42 F.(2d) 293, 16 A. B. R. (N. S.) 127; Samson Tire & Rubber Co. v. Eggleston (C. C. A.) 45 F.(2d) 502; In re Smith, Trading as J. M. Smith Furniture Company, Bankrupt (D. C.) 51 F.(2d) 290; In re Hemming (Rome Mfg. Co. v. Bailey) (D. C.) 51 F.(2d) 850, 18 A. B. R. (N. S.) 341.

The order of the referee denying reclamation to petitioners is sustained.