ARCHIBALD *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

(Division A. March 4, 1935.)

[159 So. 843. No. 31456.]

For former opinion, see 157 So. 709.

**Stone & Stone**, of Coffeeville, and **James Stone & Sons**, of Oxford, for appellant.

Royden Dixon, of Memphis, Tenn., for appellee.

**Smith, C. J.,** delivered the opinion of the court on suggestion of error.

The decree of the court below herein was reversed on a former day, and a decree was here rendered for the appellant. The appellee now suggests that we erred in so doing and that we should have affirmed the decree in the court below. This, we think, is true.

The appellant is a trustee of the estate of R. L. Holley, a bankrupt, and instituted this suit, which is an attachment in chancery, under section 173, Code 1930, alleging that the appellee had obtained possession of, and sold for four hundred thirty-six dollars, an automobile, the property of the bankrupt. The appellee is a foreign corporation, but W. P. Moss, a local resident, was made a defendant to the bill, in which it was alleged that he was indebted to the appellee. The appellee appeared and answered the bill, and, by agreement, a decree was rendered dismissing the bill as to Moss; and the case thereafter proceeded as an ordinary suit in chancery, resulting in the dismissal of the bill of complaint.

The appellant claims title to the automobile by virtue of section 3352, Code 1930, under which, if any person transact business as a trader or otherwise in his own name without displaying a sign in connection therewith that another has an interest therein, ''all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.'' In order to maintain his case, it devolved upon the appellant to prove that Holley was transacting business within the meaning of the statute, and that the automobile was acquired or used by him therein. He introduced evidence to the effect that Holley transacted business as a trader in his own name, used the automobile, and displayed it at times for sale, therein, and in addition that, after Holley was adjudged a bankrupt, the General Motors Acceptance Corporation sold the automobile, and Holley, at its request, delivered possession thereof to the purchaser. It then devolved upon the appellee to prove that the automobile belonged to it and that it was not acquired or used by Holley in his business with its consent, or that it had a lien thereon of such character that would withdraw it from the operation of the statute, of which the appellant had actual or constructive notice. Adams v. Berg, 65 Miss. 3, 3 So. 465; Hall's Self-Feeding Cotton Gin Co. v. Berg, 65 Miss. 184, 3 So. 372; Frank v. Robinson, 65 Miss. 162, 3 So. 253; Adams v. Berg, 67 Miss. 234, 7 So. 225.

To meet this burden, the appellee introduced evidence, from which it appears the East Chevrolet Company is engaged in the sale of automobiles, and the appellee is engaged in financing such sales (by purchasing deferred payment notes given for the purchase of automobiles from dealers). Holley purchased the automobile from the East Chevrolet Company, making a payment thereon, and executing several notes for the remainder of the pur-

chase money. When Holley applied to the East Chevrolet Company for the purchase of the automobile, he executed to it a written purchaser's statement addressed to the East Chevrolet Company and the General Motors Acceptance Corporation in which he made several representations, among which was that the car will be used for personal use. The form on which this statement was made contained also blanks for statements that the automobile would be used for business or both; that is, for both business and personal use. These blanks were not filled out. This statement also recited: "The undersigned (meaning Holley) warrants the truth and accuracy of the foregoing information, which is offered for the purpose of obtaining credit from the sources 'first named herein, and if credit is extended (the contract which this statement covers may be assigned GMAC) the undersigned agrees that if remittance or tender is made in any medium except cash, payment upon said obligation will only be affected to the extent of cash finally collected and received."

On this purchaser's statement a written conditional sales contract for the automobile was executed in triplicate, signed by Holley and the East Chevrolet Company, which reserved title to the automobile in the seller until the amount due thereon by the purchaser should be paid. Immediately following the signatures to this sales contract is an assignment thereof to the General Motors Acceptance Corporation. Neither this contract nor the assignment thereof was acknowledged and recorded. The General Motors Acceptance Corporation purchased the notes given by Holley immediately after their execution, having before it at the time all of the papers hereinbefore designated. Holley failed to pay the deferred purchase-money notes, and the appellee sold the automobile for less than the amount due thereon by him.

The representation by Holley that he purchased the automobile for personal use, and his failure to indicate therein that he intended to use it in his business, as the statement required him to do, was addressed to both the East Chevrolet Company and the General Motors Acceptance Corporation, and he expressly agreed that his contract of purchase "may be assigned to General Motors Acceptance Corporation." It therefore appears that he was using the automobile in his business in violation of his agreement with the owner not to do so. There being no evidence that the General Motors Acceptance Corporation knew that Holley was using the car in his business, or that it had authorized him so to do, its right must be determined by the written contract.

The former opinion herein will be withdrawn, the judgment of reversal will be set aside, and the decree of the court below will be affirmed.