## JOHN KELLY, TRUSTEE v. JAMES A. REID.

1. CHATTEL MORTGAGE. *Description. Uncertainty.*
   A chattel mortgage must contain such terms of description as will serve to distinguish the property embraced therein from all other property of the same kind.

2. SAME. *Ambiguity. Parol evidence to explain.*
   A mortgage of "30 head of cattle, 3 horses, and 2 mules," is void for uncertainty; but if the animals were described as belonging to the grantor, who owned only that number of each class, *semble* that the mortgage would be valid, and the animals could be identified by parol evidence.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

*John Handy,* for the plaintiff in error.

The evidence showed that the mortgagor owned, when the deed was made, the number named therein of each description of animals, and no others of the same kind. The execution of the mortgage was an assertion of ownership, and the presumption from giving it is that the property embraced belonged to the grantor. Its effect was the same as if it read "my 30 head of cattle, my 3 horses, and my 2 mules." The grantor is not to be assumed guilty of obtaining money

by mortgaging what did not belong to him. The construction for which the plaintiff in error contends is as natural and proper as that adopted in *Hazlip* v. *Noland*, 6 S. & M. 294, 302; *Dixon* v. *Cook*, 47 Miss. 220; and *Foute* v. *Fairman*, 48 Miss. 536; where the township and range in the description of land was supplied by parol. In *Bowers* v. *Andrews*, 52 Miss. 596, it is stated that a conveyance of "my residence" would be sufficient if the grantor owned but one. Whenever the description is applicable to more than one subject, extrinsic evidence is admissible to prove which was intended. 3 Phil. Evid. 747; *McChesney* v. *Wainwright*, 5 Ohio, 452; *Johns* v. *Church*, 12 Pick. 557. Where the description was "two horses belonging to him," it was held admissible to show that the grantor had but two and to identify them. *Brooks* v. *Aldrich*, 17 N. H. 443. A mortgage of "ten horses in the possession of the mortgagor" is good for the same reason, *Eddy* v. *Caldwell*, 7 Minn. 225; and so is one of "6 bales of cotton, now growing and being grown and produced on the plantation in Lee County, cultivated by myself, and known as the Jesse Tucker plantation." *Stephens* v. *Tucker*, 55 Ga. 543. While in *Blakely* v. *Patrick*, 67 N. C. 40, a mortgage of "ten new buggies" was defeated by showing that the mortgagor owned more than ten, in *Croswell* v. *Allis*, 25 Conn. 301, a mortgage of a specified number of different kinds of furniture was held valid as to those kinds of which all were conveyed, and void as to those kinds of which all were not conveyed. It is impossible to describe animals in such a way as to distinguish them from all others, without resorting to parol evidence, unless the deed be as long as a volume.

*R. B. Campbell*, for the defendant in error.

The description of the property is insufficient, and therefore the deed is void. It is said, in *Bowers* v. *Andrews*, 52 Miss. 596, that the descriptive words must contain such particularity in themselves as will guide to the property, or they must point to some extrinsic fact by means of which the requisite certainty is obtained. No words can be found that contain less particularity in themselves than those in the mortgage, and the closest scrutiny will fail to discover any fact that points to

something *aliunde* by which the property can be rendered certain.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error is the trustee in a mortgage, in which the property attempted to be conveyed by it was described in these words: "The following described real and personal estate·lying and being in the County of Madison and State of Mississippi, to wit: 30 head of cattle, 6 oxen, 3 horses, 2 mules, 3 wagons, 50 hogs, also all the crop of cotton, corn, fodder, and potatoes, and all other produce which may be raised on the O'Reilly place in said county." After this mortgage was recorded, the defendant in error recovered a judgment against the mortgagor, and levied his execution on the cattle, horses, and mules in his possession, and which are claimed to be embraced in the mortgage, and insisted that the mortgage is void as to this property, because of the insufficiency of the description. This view was sustained by the court below, and hence this writ of error.

While it is true that it is difficult, if not impossible, to describe in a mortgage this species of property, so as to determine with certainty whether any particular property of that class is that embraced in the mortgage, without resorting to evidence *aliunde*, yet the mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind. This fact or circumstance must be stated in the mortgage itself, it cannot be proved by parol evidence without thereby adding to the mortgage a term not contained in it. When thus stated, its existence in connection with the property may be established by extrinsic evidence. The object of a mortgage is to create a lien on certain specific property, and not to give a right to the delivery of any property whatever of the particular kind mentioned in it. The claim of the mortgagee is to have his lien enforced on the identical property mentioned in the mortgage, and if the description in that instrument be so vague and uncertain as necessarily to apply equally to all property of that kind, then it is clear that there can be no identification of it, without proving some fact or circumstance con-

nected with the property not referred to in the mortgage. Thus in this case, if the mortgagor had surrendered to the trustee any thirty head of cattle which were in Madison County at the date of the mortgage, the terms of that instrument, so far as that part of the property is concerned, would have been complied with. The trustee could not have objected that they were not the cattle owned at the time by the mortgagor, and to which it was intended that the lien should attach, because there is nothing in the description of the property in the mortgage to indicate that ownership was annexed to the property as a mark of identity.

The fact of the ownership or locality of the property, or some other mark, which, when proved to exist, would separate and distinguish it from other property, should have been mentioned in the mortgage. Thus if the mortgage had been written, " my stock of cattle, consisting of about 30 head ; my 2 mules, and my 3 horses," &c., or " the stock of cattle on the O'Reilly place, consisting of 30 head," &c., it would have been sufficient, provided the stock of cattle and the mules and horses did not exceed the number stated ; or if the mortgage indicated an intent to convey the whole stock or all the horses and mules without reference to the number. A proper mode to describe property of this sort, when all the property of that kind owned by the mortgagor, or all on a particular place, is intended to be conveyed, would be to say, " all my stock of cattle, consisting of about 30 head, and all my horses and mules, consisting of 2 head of the former and 3 head of the latter." When a precise number only is conveyed, and there is in fact a greater number, and no intention is manifested to include the whole, there would be a failure to identify the particular animals conveyed, and the deed would be void for want of a proper description. For these reasons, the description in the mortgage in controversy is held to be void.

It is proper for me to state that my own views, at first, were adverse to the conclusion here reached. It has been shown that, if the ownership of the property by the grantor had been stated in the mortgage, it would have been sufficient, as the proof is that he owned at the date of the mortgage the exact number of cattle, oxen, horses, and mules mentioned in it. It

occurred to me that as the whole object of the mortgage was to give a lien on property, and as it is impossible for a mortgagor to give a lien on property not his own, the mere giving of the mortgage must be understood as an assertion by the mortgagor of ownership in the property, and therefore that the mortgage ought to be construed as if this necessary implication were expressed in it, otherwise the whole transaction would be an unmeaning ceremony. But the convictions of my associates are so strong that this construction is unwarranted, that I am induced to believe that my first impressions were erroneous.                    *Judgment affirmed.*