GANSEY NICHOLSON ET AL. v. EUGENE KARPE, TRUSTEE.

1. PRACTICE. *Trial by circuit judge. Bill of exceptions, without motion for new trial.*

Where, under the Code of 1871, a case in the Circuit Court is submitted to the judge without a jury, a general bill of exceptions, embodying all of the evidence, to his judgment will be considered by this court although there be no motion for a new trial, such motion not being required, but only authorized by the statute, sect. 651.

2. DEED OF TRUST. *Description of personal property.*

A description of horses and mules conveyed in a deed of trust, by color, sex, and name is good. But the description of a wagon as " one four-horse iron-axle wagon," without designation of ownership or location, or other description, is not sufficient where there are several grantors in the deed.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

This action of replevin was brought by the defendant in error, as trustee in a deed of trust, to recover certain personal property described therein, as follows: " One gray mare-mule named Jane, and one dark-bay horse-mule named Helm, sold to us to-day; one black mare mule named Dinah, one dark-bay mare-mule named Liz, one bay horse-pony, Billy, one four-horse iron-axle wagon." There were six grantors in the deed of trust.

The parties waived a trial by jury and submitted the case to the court. The court rendered judgment in favor of the plaintiff for the property in controversy; and thereupon the defendants tendered and the judge signed a bill of exceptions embracing all of the evidence adduced at the trial. The record here contains no motion for a new trial, if any was in fact made.

*F. B. Pratt*, for the plaintiffs in error.

The deed of trust to Karpe should have been excluded'from the evidence, because it did not contain a proper description of the property sought to be conveyed. In order to make parol evidence admissible to explain a deed, the deed must refer to some extrinsic fact, inquiry into which will serve to identify the property. *Bowers* v. *Andrews*, 52 Miss. 600; *Kelly* v. *Reid*, 57 Miss. 91. This deed of trust mentions no fact of ownership, possession, or location, or other fact concerning the property, inquiry into which would serve to identify and distinguish it from other property of like description belonging to any one of the six grantors in the deed, or to any other person.

*F. B. Pratt* also made an oral argument.

*R. C. Smith* and *J. W. Jenkins*, for the defendant in error.

The property conveyed in the deed of trust to Karpe is well and sufficiently described therein. The animals are separated and distinguished from other similar property by their color, sex, and name; and that is sufficient. *Kelly v. Reid*, 57 Miss. 92. A description merely giving the names of animals is sufficient. *Bowers* v. *Andrews*, 52 Miss. 601. The wagon is also sufficiently described. It was not necessary that the ownership of the property should be stated in the deed of trust.

Plaintiffs in error are not entitled to have their bill of exceptions considered by this court, because the record does not show any motion for a new trial or judgment thereon. These should appear in the record. *New Orleans, Jackson & Great Northern R. Co.* v. *Allbritton*, 9 Geo. 242 ; *Barrington* v. *Mississippi Central R. Co.*, 3 Geo. 370 ; *New Orleans, Jackson & Great Northern R. Co.* v. *Greer & Co.*, 45 Miss. 66. Even though the motion for a new trial and judgment appear in the bill of exceptions, which is not the case here, they should also appear in the record proper. *Jamison* v. *Moon*, 43 Miss. 598 ; *McKnight* v. *Dozier*, 44 Miss. 606.

*R. C. Smith* made an oral argument also.

CHALMERS, C. J., delivered the opinion of the court.

Where a case in the Circuit Court is submitted to the judge without a jury, a general bill of exceptions, embodying all the testimony, may be taken to his judgment, which will be considered by this court although no motion for a new trial is made or acted upon in the court. The statute (Code 1871, sect. 651) authorizes, but does not require, the making of such motion.

The mules and horses sued for were described in the trust-deed through which plaintiff derives title, by color, sex, and name. This was certainly sufficient.

The wagon was described as "one four-horse iron-axle wagon," without designation of ownership or location, or

other description.   This was insufficient, and for the errone-
ous verdict and judgment as to the wagon the case must be
reversed, but with leave to plaintiff to have an affirmance upon
entering a *remittitur* as to the wagon.