### JAMES P. ALLEN, TRUSTEE, v. E. DICKEN.

1. DEED OF TRUST. *Description of property. Case in judgment.*
   A deed of trust, in which the property is described as "being in Attala County, Mississippi, and described as follows: One boiler and engine and saw-mill, one log-cart, one cut-off saw, one gummer, and tools, belonging to the mill," is void for uncertainty.

2. JUDGMENT. *On defective service of summons. Whether void or voidable.*
   A judgment founded on a return which shows a defective service of the summons is voidable, but not void, and can only be assailed on appeal.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

At the October term, 1882, of the Circuit Court of Attala County, E. Dicken obtained judgment by default against W. B. Roberts. The suit was instituted at the March term, 1882. The return on the summons was as follows : " Executed this process by leaving a true copy of same with the wife of the defendant, a member of his family over the age of sixteen years, and willing to receive same." On the 28th of November, 1884, an alias execution was issued on this judgment and duly levied on a certain steam engine and other mill property. J. P. Allen, as trustee, filed an affidavit claiming this property under a deed of trust from Roberts to Goodman & Co. On the trial the claimant objected to the admission in evidence of the judgment and the execution issued thereon, because the return of service of the summons was not such as is required by law. The court overruled the objection and admitted the evidence. · The claimant offered in support of his claim a deed of trust to him as trustee from Roberts to Goodman & Co., and wanted to show that it embraced the same property now levied on. The description of the property in the deed of trust was as " being in Attala County, Mississippi, and described as follows : One boiler and engine and saw-mill, one log-cart, one cut-off saw, one gummer, and tools, belonging to the mill." The court refused to admit the deed, because of the insufficient description of the property therein. The jury found for the plaintiff in execution, and judgment was entered accordingly. The claimant appealed.

*Allen & McCool,* for the appellant.

1. The return on the summons to the defendant is insufficient, because it does not show that the defendant " could not be found in the county," nor that his wife received this copy of the summons " at his usual place of abode." ˙ Section 1527, Code of 1880, 40 Miss. 585. Because of the fatally defective service upon which the pretended judgment was rendered, it should have been excluded from the jury. The return must show to a certainty that it was left " at his usual place of abode," and ˙that defendant

"could not be found in the county," when constructive service is adopted, else the omission vitiates the return, and a judgment thereon is void, because taken without proper notice.

2. The description of property in the deed of trust may be incomplete, yet it is susceptible of being made certain by extrinsic evidence. It is latent ambiguity, and oral testimony is admissible to identify the property in controversy as being the same that is embraced in the deed of trust from W. B. Roberts to Goodman & Co., under which the claimant maintains his right to recover the property levied upon, and such oral evidence is consistent with the rule that extrinsic evidence cannot be admitted to contradict, add to, subtract from, or vary the terms of a written instrument. See 2 Parsons on Contracts 549 to 564; 47 Miss. 353; 52 Miss. 596.

*Haden & Dodd*, for the appellee.

1. A judgment rendered on merely defective service does not make the judgment void, but only irregular, or erroneous at most, and cannot be attacked collaterally, and is good for all purposes until reversed on appeal, which is the only way in which such defect can be taken advantage of. See *Jacob Crizer and Wife* v. *Samuel Gowen*, 41 Miss. 563; *Campbell* v. *Hays*, Ib. 561; *Smith* v. *Bradley*, 6 S. & M. 435; *Wall* v. *Wall*, 6 Cush. 409; *Hawks et al.* v. *Neal et al.*, 44 Miss. 212; *Parisot* v. *Green*, 46 Miss. 747; *Taylor* v. *Webb*, 54 Miss. 36.

2. The deed of trust is void for uncertainty in the description of the property. The description here falls directly within the objection urged to the mortgage and sustained by this court in case of *Kelly* v. *Reid*, 57 Miss. 89.

CAMPBELL, J., delivered the opinion of the court.

That the deed of trust is void for uncertainty in the description of the property is settled by several adjudications of this court.

However logical it may be to argue that service of process not made as directed by law is not sufficient to authorize a judgment against the party thus served, and that a judgment on such illegal service of process is a nullity, it is many years too late to urge the argument, because it has been so often held in this State and else-

where that a judgment in such case is not void, but only voidable on appeal, and that this is the only mode of assailment, that it would be revolutionary to disturb the established doctrine.

*Affirmed.*