## T. W. HOUSTON *v.* W. W. TOTTEN & BROTHER.

**Trust Deed — Void Description of Machinery.**

> A description in a trust deed of property as being "The property being in the county of Union, State of Mississippi described as follows: 'one twelve-horsepower engine and boiler and one No. 10 inspirator and piping and belting'" is void for uncertainty. and extrinsic evidence is not admissible to explain it.[1]

**Claimant's Issue — Judgment of Court in.**

> On claimant's issue for property seized under execution, where the property remains in the hands of the officer it is not necessary to find the value of the separate articles.

W. W. Totten & Co. held a judgment against John A. Cole. Execution was issued on the judgment and some personal property in the possession of Cole was levied on, consisting of an engine, boiler, belting, etc. Appellant, Houston, as trustee in a deed of trust, filed his claim to the property, basing his title on

---

1

A description of property in a trust deed conveyed as the grantor's "entire interest in twenty-five bales of cotton raised by them and any hands they may employ during the year 1892 on land belonging to them or any other land they may cultivate during said year" is void for uncertainty and cannot be aided by proof that less than twenty-five bales were, in fact, raised by the grantors or their hands during said year. Draper *v.* Perkins, 57 Miss. 277, overruled; Redfield *v.* Montgomery, 71 Miss. 113; 14 So. 199.

While it is difficult, if not impossible, to describe live stock in a writing, so as to identify the property without resort to evidence *aliunde*, a mortgage of such property must mention some fact or circumstance connected therewith, which will serve to distinguish it from all other property of the same kind. A mortgage of "thirty head of cattle, three horses, and two mules," without other description, is void. Kelly *v.* Reid, 57 Miss. 89.

Hence, "one bay mare," with nothing else to identify the animal, is an insufficient description in a trust deed, and the instrument is void as to a purchaser for value who has no notice other than that constructively afforded by the record of the deed. Cowden *v.* Lockridge, 60 Miss. 385.

"One four horse iron axle wagon," without designation or location or other description, is a void description in a trust deed. Nicholson *v.* Karpe, 58 Miss. 34.

A description in a trust deed of property as "being in Attala County, Mississippi, and described as follows: one boiler and engine and saw mill, one log cart, one cut off saw, one gummer and tools, belonging to the mill," is void for uncertainty. Allen *v.* Dicken, 63 Miss. 91.

the deed of trust.   The description of the property in the deed of trust is as follows:  " One twelve-horsepower engine and boiler, and one No. 10 inspirator and piping and belting."   On the trial of the claimant's issue the claimant offered the trust deed in evidence and oral testimony to explain it.   On objection they were excluded on the ground that the trust deed was void on its face. From verdict and judgment for plaintiff claimant appeals.

APPEALED from Circuit Court, Lee county, J. W. BUCHANAN, Judge.

Affirmed, January 18, 1886.

*Attorneys for appellant, Allen & Robins.*

*Attorney for appellee, J. A. Blair.*

Brief of Allen & Robins:
*   *   *   The language of the trust deed is something like the descriptions that have already been held void by this court, but it is not quite so vague and indefinite; the trust deed in this case describes the property as a No. 12 horsepower engine, situated in Union county, Mississippi.

The engine is a twelve-horsepower engine and is situated in Union county.   Now it is held that this description is so defective as to make it void, but it seems to me that before it could possibly be so regarded the court assumes for itself that there are other twelve-horsepower engines in Union county.   I do not think the court is authorized to assume anything of the kind.   On the other hand, if we had been permitted I think we could have proven that the engine in controversy was the only twelve-horsepower engine at that time in Union county, so the description of the engine was accurate as if it had said an engine on a certain plantation belonging to a certain individual.   Now must the description necessarily negative the fact that there was no other engine in that place belonging to that individual.   It is true that the territory of a county is larger than that of an ordinary plantation but the principle is the same, and if one is defective it seems to me the other would be equally so.   Then it is not only an

engine in Union county but is definitely described as a No. 12 horsepower engine in Union county.

Then again the court will see from the trust deed that there is both an assertion of title and possession of this engine in the grantor in the trust deed at the time it is made. He warrants the title he has conveyed and then provides that he is to *hold* the property until default in the payment of the money. These things, it seems to me, would enable us to identify the property by the parol proof offered. There was no patent ambiguity in the description, and the only way any ambiguity could be shown was by proof that there were other engines of that description in that county. These facts, taken in connection with the proof which shows that the trust deed was given for the purchase money of the very property here levied on and that it was the only property of the kind the defendant had, it seems to me entitled us to have the judgment reversed.

The other error assigned was the failure of the court below to assess the value of some of the various articles for which judgment was rendered. This should reverse the case if it affords us no final advantage.

Brief of J. A. Blair:

I have not and perhaps will not see the assignment of errors, but counsel for appellant have told me, and I infer from the bill of exceptions, that the *sole* ground of complaint is the exclusion of the deed of trust in the court below. This was the sole question considered in the Circuit Court.

The proper and sufficient description of personal property in deeds of trust has been so often before this court, and the principles and rules in such cases so often laid down, that nothing new remains to be said or decided, I think.

Here is a judgment creditor as in Kelly *v.* Reed, 57 Miss. 91. Here is an attempt to help the deed of trust by parol testimony as in Cowden *v.* Lockridge, 60 Miss. 387. Here is a defective description of the kind in Nicholson *v.* Karp, 58 Miss. 34. Twelve-horsepower engine is hardly so good a description as " one four-horse iron axle wagon;" certainly it is no better. The description, " twelve-horsepower " goes merely to the power of the engine and does not and cannot serve to identify it from others of the same kind, any more than the description " one bay mare,"

or " one four-horse iron axle wagon " identifies the horse and wagon from other horses and wagons of that kind. And " one No. 10 indicator " only indicates the size, as four horse does the size of the wagon. If the width of the wagon or the circle of the wheel had been added to the four-horse iron axle, it would have made no improvement. The horsepower of the engine and the number of the inspirator are like adding the height of the horse or the measure around the body. Engines are stamped with the name of the maker and each one is numbered, and no two of the same kind or make have the same number. The inspirator is the pipe which conveys the water to the boiler. Engine, boiler, and inspirator are all, of course, joined together, and are often included in the general name of *engine*.

The terms belting, piping, tongs, etc., are entirely indefinite.

OPINION.— COOPER, C. J., delivered the opinion of the court:

The deed of trust was properly excluded by the court; the description was void for uncertainty. 57 Miss. 91; 58 Miss. 34; 60 Miss. 387.

Since the property attached remains in the hands of the officer it was unnecessary to find the value of the separate articles. This is required to be done only when the claimant has replevied the property in order that he may discharge himself by returning the property to the officer or by paying the assessed value thereof.

Judgment *affirmed.*