## In re CAVER, CAVER & CO.
### No. 1154.

District Court, S. D. Mississippi, E. D.
July 5, 1930.

294

George B. Neville, of Meridian, Miss., for petitioning creditor.

J. C. Floyd, of Meridian, Miss., for trustee.

HOLMES, District Judge.

The petitioner, Liquid Carbonic Corporation, seeks reclamation of a soda fountain which had been acquired and was used by the bankrupt in his business at the time the petition in bankruptcy was filed. The property was sold upon a written order, duly recorded, which provided that title was to remain in the petitioner until the purchase price was fully paid. Admittedly there is a balance due of $543.35.

The trustee claims that, owing to a void description in the written order of the property in controversy, the recordation was ineffective as notice to any one, and that under the Mississippi Sign Statute the claim of the petitioner is defeated. This statute is as follows:

"*Business sign, and what to contain.*— If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property." Section 4784, Code 1906.

The recorded instrument, which was merely the buyer's original order, simply designates generically certain articles which the seller is requested to ship. No particular articles in stock were required, and there is nothing in the instrument itself to determine which were actually to be delivered, or were, in fact, delivered. For instance, "one large whipcream jar in cooler box; syrup pumps and jars with Baskelite tops; washboard with two basins, as listed, etc."

Dodds v. Pratt, 64 Miss. 123, 8 So. 167, strongly relied upon in the brief of counsel for the petitioner, is not authoritative here. There, the deed of trust was duly recorded and its description of the property unassailed. The principal question decided was the effect of the then recently enacted statute above quoted (which was section 1300, Code 1880) upon a valid, recorded deed of trust. The court ingrafted an exception upon the statute and held that such an instrument was good between the creditors notwithstanding the statute.

Its language that the statute was not intended to derange the order of priority among creditors must be limited by the facts to mean in cases where there is a valid written instrument duly recorded with a legal description of the property involved. After Bank of Hazlehurst v. Goodbar, 73 Miss. 566, 19 So. 204 (which is in line with prior decisions), this single point is about all that is left of Dodds v. Pratt.

The recorded instrument under consideration must be treated as a mortgage. Tufts v. Stone, 70 Miss. 54, 11 So. 792.

The description must be such as to enable a third party to identify the property, to the exclusion of all other property, without the assistance of external evidence which adds to or contradicts the written instrument. Kelly, Trustee, v. Reid, 57 Miss. 89; Allen v. Dicken, 63 Miss. 91; Leffel v. Miller (Miss.) 7 So. 324; Ryan v. U. S., 136 U. S. 68–83, 10 S. Ct. 913, 34 L. Ed. 447.

The descriptive words in this case are insufficient. There is nothing to identify the particular property, or to distinguish it from other property of a similar nature. There are doubtless scores of articles which the description would cover.

As the description contains nothing to specify the property or to designate it as that of the bankrupt, it is undoubtedly void as to the trustee in bankruptcy, who stands here in the position of a judgment creditor who has seized the goods under an execution. Paine v. Hall, 64 Miss. 175, 1 So. 56; Bank v. Studebaker, 71 Miss. 544, 14 So. 733.

An order will be entered sustaining the decision of the referee.