# LIQUID CARBONIC CORPORATION v. PHILLIPS.

## No. 7143.

Circuit Court of Appeals, Fifth Circuit.

Jan. 17, 1934.

John Harvey Thompson, of Jackson, Miss., and E. H. Britton, of Macon, Miss., for appellant.

Eugene B. Ethridge, of Houston, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

On or about October 25, 1930, appellant, by title retention contract, sold to Vanzandt and McRae for shipment to and use in their drug store, in the town of Macon, Noxubee county, Miss., a complete soda fountain. The title retention contract described the fountain in minute detail. It identified it as the one purchased by Vanzandt and McRae from appellant, and further identified it by its location. This contract,[1] duly acknowledged for record, was filed in the trust deed records of Noxubee county; $147.25 was paid down; the balance was payable in installments. The fountain was shipped to and installed in their store in Macon. Thereafter, one Phillips purchased and succeeded to the drug and soda fountain business of Vanzandt and McRae, assuming and agreeing to pay all indebtedness due, including that due on the soda fountain. Phillips having become bankrupt, appellant, by reclamation petition. claimed the fountain. The agreed statement showed the facts as above, and, in addition, that the value of the property is less than the sum due on it, that the bankrupt, on the occasion of his adjudication, was within the

---

[1] "Salesman, Korman; Town, Macon; County, Noxubee; State, Miss. Street Address ———. Date 10/3/30.

"The article described below to be located at above address.

"To the Liquid Carbonic Corporation, Chicago.

"Please ship us the following articles on or about Oct. 25th, installation 1930, 1-10'0 Complete Soda Fountain with interior counter and carbonator and lefthand workboard consisting of the following accessories.

"Cooler box to have 2—10 gallon bulbs and one 10 gallon ice cream compartment, storage compartment, and cooler compartment with 6 crushed fruit jars. Enclosure to have 1—soda, 1—water draft doors, chipped ice pan, spoon well, 1—alvey, 1—chocolate and seven syrup pumps and jars. Workboard with double basin fitted with combination swinging faucet and two openings, fitted with dipper well and refuse chute of porcelain. 1—Superior Carbonator 110V (AC) 1—Arnold drink mixer and 1—Fruit Juice extractor. The above requires 1-1/2 H.P. Water cooled model "n" compressor which will be supplied by others. Counter with Tennessee panels, freeze basins and set of 11/4 Tennessee slabs.

"For which we agree to pay $1472.50 F. O. B. Chicago, and to deliver to you properly packed, and we further agree to all the following conditions, Terms $147.25 with this order, $1325.25 balance in 33 months. Ship via ——— to your order notify us. Send B/L to Bank to be surrendered upon payment of draft and signing notes in your usual form to evidence above deferred payments with 6c interest. We agree at any time to execute, make and deliver mortgage or such other papers, acknowledgements or affidavits as you may request. We will insure at our expense, loss payable to you, and send you policy. We assume all risk of fire. We will pay all taxes on above property. You are not responsible for any delays caused by strikes, accidents or other causes beyond your control. This order cannot be countermanded. It covers the entire agreement between us. It is subject to your written approval. No plumbing or electric wiring included. If refrigeration unit is included hereunder, you are to service it without charge for six months from installation date. If we default you may repossess and retain all money paid by us, or may pursue any other remedy which law or equity may permit. You are to retain the title to the above property until purchase price or any notes or renewals or judgment for same shall be paid in full.

"Accepted 10/21/30."

meaning of the Mississippi sign statute, section 4784, Code 1906, a trader engaged in the drug business, and that after the adjudication of Phillips the fountain, just as described in the retention title contract, came into the possession of the trustee. The referee, deeming the description insufficient in law to identify the property under the authority of Kelly v. Reid, 57 Miss. 89; In re Caver, Caver & Co. (D. C.) 42 F.(2d) 293, denied the claim.

■ This is an appeal from the order of the District Judge affirming that denial. The question presented is narrow in scope. It is settled law in Mississippi that while the sign statute, section 4784, Code 1906, does not affect lien claimants holding under valid written instruments sufficiently describing the property, and duly recorded, it does cut off and defeat lien claimants under instruments describing the property claimed insufficiently to identify it. In re Caver, Caver & Co. (D. C.) 42 F.(2d) 293; In re Tucker, 1 F. Supp. 18.

■ The point made against this instrument is that while the description of the fountain is definite and minute enough as a description of a soda fountain, it contains nothing definitive in it to distinguish it from other soda fountains of the same kind.

We put aside as unnecessary to the decision of the case the argument advanced by appellant that there is no proof that there are other soda fountains of this same kind, and that in the light of the minute description of this one, instead of its being generally described as a soda fountain, of the fact that the fountain in question exactly answers to the description in the contract, and of the further fact that the trustee has made no proof that there are any other fountains answering to the description, to hold the contract defeated, upon the assumption that there are or may be others like it is an unwarranted taking of its property. We think it perfectly clear that the title retention contract does contain within it elements of description which in accordance with the established rule in Mississippi identify beyond question or cavil, and give notice of the lien upon the particular soda fountain here involved. This evidence is contained in that part of the title retention contract which identifies the fountain as the one shipped from appellant to the purchasers on or about the day named in the contract, and its location at their place of business in Macon, Mississippi. It satisfies the rule of the leading Mississippi cases, Kelly v. Reid, 57 Miss. 91, and Nicholson v. Karpe, 58 Miss. 35, on which the others base. That rule is stated thus in the Kelly Case: "While it is true that it is difficult, if not impossible, to describe in a mortgage this species of property [cattle], so as to determine with certainty whether any particular property of that class is that embraced in the mortgage without resorting to evidence aliunde, yet the mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind. This fact or circumstance must be stated in the mortgage itself, it cannot be proved by parol evidence without thereby adding to the mortgage a term not contained in it. When thus stated, its existence in connection with the property may be established by extrinsic evidence. * * * The fact of the ownership or locality of the property, or some other mark, which, when proved to exist, would separate and distinguish it from other property, should have been mentioned in the mortgage."

■ The rule as thus stated is a fair rule, and one of general application. It is well stated and applied in a Texas case, Tips v. Gay (Tex. Civ. App.) 146 S. W. 306, 309. There it was contended that the mortgage was indefinite in describing the property mortgaged, not as here, minutely, but in general terms as "a secondhand gin outfit complete," because there might have been, and probably were, many secondhand gin outfits of the kind the mortgage described, and that the generality of the descriptive terms used made it clear that this was so. The mortgage, however, contained a further statement to the effect that the property was the property which had been purchased from Tips. The court said: "It was permissible to point out the particular gin outfit thus indicated in the mortgage by oral testimony." It found that this had been sufficiently done. Under this common-sense and reasonable rule obtaining in Mississippi and elsewhere that a description may be assisted by extrinsic evidence which aids by applying, but does not add to or contradict the written instrument, Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A. L. R. 1454; Hammond v. Cabaniss, 213 Ala. 221, 104 So. 320; Ryan v. U. S., 136 U. S. 68, 10 S. Ct. 913, 34 L. Ed. 447; Moayan v. Moayan, 114 Ky. 855, 72 S. W. 33, 60 L. R. A. 415, 102 Am. St. Rep. 303; National Cash Register Co. v. Marks (C. C. A.) 13 F.(2d) 628; see also Peacher v. Strauss, 47 Miss. 353; Staple Cotton Co-Operative Ass'n v.

Thorne, 162 Miss. 649, 138 So. 597, petitioner's case was fully made out.

The decree denying the reclamation claim is reversed, and the case is remanded, with directions to allow it.