HOLLOWAY *v.* JORDAN, SHERIFF.

(In Banc. April 23, 1934.)

[154 So. 340. No. 31205.]

F. B. Collins, of Laurel, for appellant.

Deavours & Hilbun, of Laurel, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action of replevin instituted by the appellant against the appellee in the court of a justice of the peace, wherein a judgment was rendered for the appellee. An appeal to the county court resulted in a similar judgment, which was affirmed on appeal to the circuit court. An appeal to this court was granted under section 705, Code of 1930.

An automobile truck owned by the appellant was loaned by him to another, and, while in such other's possession in Jones county, was seized by the appellee, the sheriff of that county, under section 5605, Code of 1930, as amended by Laws 1931 (Ex. Sess.), chapter 30, for the nonpayment of highway privilege taxes thereon. The appellee then instituted this action of replevin. Such privilege taxes, under the above section, must "be paid in the county where owner resides or in the county where the car is used." The appellant resides in Jones county, and the truck was used therein. He paid a privilege tax thereon in Smith county.

The only objection to the seizure here made, and to which this opinion will be confined, is that the provision of section 5605, under which the truck was seized, violates section 14 of the state Constitution, and section 1 of the Fourteenth Amendment to the Federal Constitution, both of which forbid the taking of life, liberty, or property

without due process of law. After fixing the time and place for the payment of the tax, the statute provides that "the tax collector shall seize and sell any personal property of any person liable for the foregoing tax or penalty therefor, in the same manner that he is required by law to seize and sell such property for other delinquent taxes," under which (and no other statute that has been called to our attention otherwise provides) the sheriff may seize and sell an automobile when, in his opinion, its owner has not paid the tax for the privilege of using it on the public highways without inquiry thereinto, or notice to the owner thereof. That such a law violates every element of due process, and is therefore void, is so obvious and well settled as to make the citation of authority therefor supererogatory. This provision of the statute being separable does not affect the validity of the remainder.

The circuit court should have reversed the judgment of the county court and under section 704, Code of 1930, amended by Laws 1932, chapter 256, tried the case de novo.

Reversed and remanded.