NATIONAL FOODS, INC., v. FRIEDRICH.

(Division A.   Sept. 23, 1935.)

[163 So. 126.   No. 31798.]

**Heidelberg & Roberts,** of Hattiesburg, for appellant.

**F. M. Morris,** of Hattiesburg, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action of replevin by the appellee to recover from the appellant a fish and poultry display case. It was begun in a county court, and from a judgment there for the appellee, was appealed to the circuit court and there affirmed. It was tried in the county court without a jury.

Such a display case was sold by the appellee to one Messer, who used it in a meat, fish, and poultry market he was operating in a grocery business. Some time after receiving the case, Messer moved it to the place of business of the Forrest Stores Company, which was also engaged in the grocery business, and there operated a meat, fish, and poultry market. Messer afterwards discontinued this market, but left the case in the apparent possession of the Forrest Stores Company,

which afterwards went into bankruptcy, and its trustee sold the display case to the appellant.

A number of interesting questions are presented by the record, but the one which lies at the threshold, if decided against the appellee, will preclude his right of recovery irrespective of the other questions presented.

When Messer purchased the display case, he executed a mortgage to Friedrich to secure an unpaid portion of the purchase money. The description of the display case in the mortgage is as follows: "The following described personal property situated in Forrest County, State of Mississippi, namely, 1-5′ Fish and Poultry Display case complete, # 5018." A metal strip attached to the case had the figures "5018" stamped on it.

We will assume, as the appellee claims, that this description means "one five foot fish and poultry display case, complete, number 5018." Is this description of the property intended to be conveyed by the mortgage sufficient?

We are not here concerned with the sufficiency of the description of the property intended to be conveyed by the mortgage between the parties thereto, and therefore express no opinion thereon.

"While it is true that it is difficult, if not impossible, to describe in a mortgage this species of property, so as to determine with certainty whether any particular property of that class is that embraced in the mortgage, without resorting to evidence aliunde, yet the mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind. This fact or circumstance must be stated in the mortgage itself, it cannot be proved by parol evidence without thereby adding to the mortgage a term not contained in it. When thus stated, its existence in connection with the property may be established by extrinsic evidence. . . .

If the description . . . be so vague and uncertain as necessarily to apply equally to all property of that kind, then it is clear that there can be no identification of it, without proving some fact or circumstance connected with the property not referred to in the mortgage." Kelly v. Reid, 57 Miss. 89; Garmon v. Fitzgerald, 168 Miss. 532, 151 So. 726.

Without the number of the display case the description of it would undoubtedly not be sufficient. Authorities, supra; Allen v. Dicken, 63 Miss. 91; Nicholson v. Karpe, 58 Miss. 34; Leffell v. Miller (Miss.), 7 So. 324, and the number does not make it so unless it separates the case from all other cases of like kind. This it does not do, for aught that appears in the mortgage that number may be common to all other such cases.

It may be, as the oral evidence indicates, that the case was manufactured by Ed Friedrich; that his name as the manufacturer was stamped thereon, and that the number "5018" is his serial number intended to designate this particular display case. Nevertheless that fact is not disclosed by the mortgage and cannot be added thereto by parol. Cf. Valley Securities Co. v. Stafford, 8 La. App. 607. In Houston v. W. W. Totten & Bro., 1 Miss. Dec. 244, the description of the property intended to be conveyed by a deed of trust was: "One twelve-horse-power engine and boiler, and one No. 10 inspirator and piping and belting." The court, in holding the description void, made no special reference to the inspirator.

The description of the property intended to be conveyed being void, the appellee is not entitled to recover it. The circuit court, therefore, should have reversed the judgment of the county court.

Section 704, Code 1930, as amended by chapter 256, Laws 1932, provides that on appeal from the county court to the circuit court, "If prejudicial error be found the circuit court shall reverse, and shall enter such judg-

ment in the manner and against like parties and with like penalties as is provided in reversals in the Supreme Court, provided that if a new trial is granted the cause shall be remanded to the docket of the Circuit Court and a new trial be had therein de novo.''

Section 3378, Code 1930, provides that on appeal to the Supreme Court, ''in case the judgment, sentence, or decree of the court below be reversed, the Supreme Court shall render such judgment, sentence, or decree as the court below should have rendered, unless it be necessary, in consequence of its decision, that some matter of fact be ascertained, or damages be assessed by a jury, or where the matter to be determined is uncertain; in either of which cases the suit, action or prosecution shall be remanded for a final decision.''

The description of the property in the mortgage being void, and the record presenting no other matter of fact necessary to be ascertained by a jury which could affect the appellant's right of recovery, the circuit court should have rendered a final judgment in its favor. Hairston v. Montgomery, 102 Miss. 364, 59 So. 793, 795; The Y. & M. V. R. R. Co. v. Pope, 104 Miss. 339, 61 So. 450; Scottish Union & National Insurance Co. v. Warren-Gee Lumber Co., 104 Miss. 636, 61 So. 310; Hines v. Cole, 123 Miss. 254, 85 So. 199; Davis v. L. N. Dantzler Lumber Co., 126 Miss. 812, 89 So. 148; Witherspoon v. State ex rel. West, 138 Miss. 310, 103 So. 134; Hattiesburg Chero Cola Co. v. Price, 143 Miss. 14, 108 So. 291. Cf. Holloway v. Jordan, 170 Miss. 99, 154 So. 340.

Reversed, and judgment here for the appellant.