**FLOYD v. C. NELSON MFG. CO.**

No. 8564.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1938.

Rehearing Denied Jan. 21, 1938.

R. E. Wilbourn, of Meridian, Miss., for appellant.

Geo. B. Neville and Thomas Y. Minniece, both of Meridian, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from an order granting appellee's reclamation petition as to certain ice cream cabinets and accessories, which the bankrupt held under two title retention contracts, each executed and acknowledged by J. O. Motley, president and general manager, and each filed for record.

The referee thought the description in the title contracts insufficient, the acknowledgments to them defective, that because thereof their recordation did not visit the bankrupt's creditors with notice, and that the property sought to be reclaimed must therefore, under section 3352 of the Mississippi Code of 1930, be treated as to the trustee and creditors, as the property of the bankrupt.

The District Judge disagreed with these conclusions. He thought the description sufficient under our decision in Liquid Carbonic Corporation v. Phillips, 5 Cir., 68 F. 2d 515, 516. He thought the acknowledgments, though informal, sufficient within the general rule of substantial compliance prevailing as to corporate acknowledgments.

■ We agree with the District Judge. And first, as to the description. Attached to each title retention contract was a complete list of equipment sold under it, identified by motor and compressor numbers. Appellant refers to this listing as hieroglyphics, and therefore insufficient as description. Hieroglyphics in the ancient sense they certainly are not, for there is nothing sacred or peculiar to ancient peoples in the characters and numbers used. Hieroglyphics in the sense of secret and enigmatical or unintelligible signs they are not, to those who deal in such machines, any more than motor and engine numbers by which automobiles are described are to those who deal in automobiles, or field notes in terms of varas, are in Texas, where measurements are made in varas.

■ In the Liquid Carbonic Case supra, we undertook to review the Mississippi decisions construing these statutes. We found them in accord with the rule of reason generally prevailing, that a description is sufficient if it "mentions some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind * * some other mark, which, when proved to exist, would separate and distinguish it from other property." Kelly v. Reid, 57 Miss. 89, 91.

Appellant cites and relies on two Mississippi decisions published since our decision was written, Garmon v. Fitzgerald, 168 Miss. 532, 151 So. 726; National Foods, Inc., v. Friedrich, 173 Miss. 717, 163 So. 126, 127.

We find nothing in either of these decisions in conflict with what we have written. Apparently the Mississippi Supreme Court does not regard them as in conflict. In the Garmon Case, there was no identifying mark whatever to separate and distinguish this property from any other of like kind. In the National Foods Case, there was only a number unidentified and unexplained. The Supreme Court in that case said: "Without the number of the display case the description of it undoubtedly would not be sufficient. * * * And the number does not make it so unless it separates the case from all other cases of like kind."

Here the cabinets in question are certainly marked off from all other cabinets by motor and compressor numbers. If anything, the identifying description in this case is more definite than it was in the Liquid Carbonic Case.

■ As to the acknowledgments, little need be said. That, to the second of the contracts, was precisely formal in its recitals. It omitted nothing either of form or of substance. That, to the first, while informal, was, we think, under the general rule prevailing as to such acknowledgments, sufficient to entitle it to record. 1 C.J. 817; 1 C.J. 850; Note to 29 A.L.R. 919; 72 A.L.R. 1290; Griffis v. Martin Oil Co., 127 Miss. 606, 90 So. 324; Bank of Dillon v. Murchison, 4 Cir., 213 F. 147.

■ The purpose of the Mississippi sign statute, like that of the Virginia Traders Act, Code Va.1887, § 2877, is to defeat secret liens. In Hodge v. Turner, 96 Va. 624, 32 S.E. 291, at page 294, the court said: "The purpose of the legislation * * * [is] to preclude the assertion of secret claims of ownership against creditors of him who has conducted the business, possessed the property, and appeared to be its owner."

■ The statute under consideration here should be given effect, it has uniformly been given effect to accomplish this purpose. It should not be tortured into a strained construction to defeat honest transactions entered into in accordance with upright business practices.

We think the District Judge fairly and reasonably construed and applied the statute. We approve his judgment. It is affirmed.

HOLMES, Circuit Judge (dissenting).

This appeal is from a judgment of the District Court reversing an order of the referee in bankruptcy denying a petition by appellee for reclamation of certain ice cream cabinets, in the possession of the bankrupt on the date of adjudication, which had been sold to the bankrupt under alleged title-retention contracts.

On the hearing before the referee, appellee based its claim upon two recorded contracts which recited that appellant was directed to deliver or ship on the terms specified "the following equipment:

| "Quantity description | Serial Number | Compressor No. | Motor Number |
|---|---|---|---|
| * * * * * * * * * | | | |

"See Attached List of Description of Equipment and Numbers."

The space in the form for the description of the property was left blank, but attached to one of the instruments was the following:

"4 PD4 4 Hole Portables.
Complete with 1/3 H. P. Units.
Compressor J7104, Motor 16169 Serial 17917.
Compressor J6775, Motor 16200 Serial K8055.
Compressor J3640, Motor 16091 Serial 18013.
Compressor J7136, Motor 16170 Serial 18033.
2 SD6 6 Hole Standards; complete with 1/3 H. T. Units.
Compressor J3789, Motor 16149 Serial 18033.
Compressor J3661, Motor 16146 Serial 18066."

A similar list was attached to the other contract; the difference being in the numbers and quantity of the property bought.

Appellant resisted the reclamation petition, alleging that the bankrupt was a trader, and that the property had been used and acquired in its business as a trader, and was therefore liable for its debts under the Mississippi Sign statute. Section 3352, Miss. Code of 1930.

On the hearing, appellee introduced a witness who qualified as an expert in the ice cream business. He testified that the letters and numerals used in the contract were the trade-names used by appellee for its products, and that the particular property involved could be identified thereby. This testimony was objected to and excluded by the referee, but was incorporated in the record on review. This testimony being excluded, the referee held the description insufficient and denied the petition. On the strength of the testimony, the District Court held the description to be adequate, and set aside the order of the referee.

Since the determination of this matter requires the interpretation of a Mississippi statute and involves the application of a rule of property, the decisions of the Supreme Court of Mississippi are controlling. Hines Trustees v. Martin, 5 Cir., 296 F. 442, affirmed 268 U.S. 458, 45 S.Ct. 543, 546, 69 L.Ed. 1050. This rule is so strong that in the just cited case the Supreme Court of the United States said: "To avoid the uncertainty and injustice which result from 'the discordant elements of a substantial right which is protected in one set of courts and denied in the other, with no superior to decide which is right' (Brine v. Insurance Company, 96 U.S. 627, 24 L. Ed. 858), this court has not hesitated, when there has been a conflict of decision between it and the state courts affecting a rule of property within the state, to overrule its own decisions and to follow the state decisions once it has become evident that they have established a 'rule of property' as the settled law of the state. Green v. Lessee of Neal, 6 Pet. 291, 8 L.Ed. 402; Suydam v. Williamson, supra [24 How. 427, 16 L.Ed. 742]; Fairfield v. County of Gallatin, 100 U.S. 47, 25 L.Ed. 544; Roberts v. Lewis, 153 U.S. 367, 376, 14 S.Ct. 945, 38 L.Ed. 747, and see Bauserman v. Blunt, supra [147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316], overruling a decision of the Circuit Court antedating a conflicting decision of the state court. We are therefore constrained in the present case to accept the view of the state courts as announced by them without inquiring, as an original proposition, into the justice and sufficiency of the rule which we follow."

If the contract of purchase is sufficient to confer on appellee the rights of a chattel mortgagee, and is properly recorded, the property is removed from the operation of the statute. Tufts v. Stone, 70 Miss. 54, 11 So. 792, and cases cited. The contract here involved does not specify when the shipment shall be made, to whom it shall be shipped, or where it shall be delivered. It does not specify where the property shall be located or installed. It does not describe the property with any generic term that would distinguish it from any other property, or convey any notion as to what character or class of equipment it is intended to cover. It does not designate the property as ice cream cabinets, soda fountains, ice cream freezers, refrigerators, condensers, coolers, bottling machines, ice machines, or any one of numerous other

types and classes of machinery which one might reasonably expect to find in a plant such as was operated by the bankrupt; nor does it contain any restrictive term which would exclude any of these classes of property.

It is well settled under the Mississippi decisions that the instrument must describe the property with sufficient certainty to distinguish it from all other things of the same species or kind. Kelly v. Reid, 57 Miss. 89; Nicholson v. Karpe, 58 Miss. 34; Allen v. Dicken, 63 Miss. 91; Leffel v. Miller, Miss., 7 So. 324; Tinnen v. Brown, 98 Miss. 378, 53 So. 780, Ann.Cas.1913A, 1081; Garmon v. Fitzgerald, 168 Miss. 532, 151 So. 726; National Foods v. Friedrich, 173 Miss. 717, 163 So. 126.

In a recent decision, this court cited and quoted with approval the opinion in Kelly v. Reid, supra. Liquid Carbonic Corporation v. Phillips, 5 Cir., 68 F.2d 515. In the Kelly Case, the Supreme Court of Mississippi said: "While it is true that it is difficult, if not impossible, to describe in a mortgage this species of property, so as to determine with certainty whether any particular property of that class is that embraced in the mortgage, without resorting to evidence aliunde, yet the mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind. This fact or circumstance must be stated in the mortgage itself, it cannot be proved by parole evidence without thereby adding to the mortgage a term not contained in it. When thus stated, its existence in connection with the property may be established by extrinsic evidence. * * * If the description * * * be so vague and uncertain as necessarily to apply equally to all property of that kind, then it is clear that there can be no identification of it, without proving some fact or circumstance connected with the property not referred to in the mortgage."

Since the decision of this court in the Phillips Case, the Supreme Court of Mississippi, in a case with identical features, quoted the above language from the Kelly Case, and reached the opposite result from that reached by this court. National Foods v. Friedrich, 173 Miss. 717, 163 So. 126, 127. In the just cited case, the description was, "the following described personal property situated in Forrest County, State of Mississippi, namely, 1–5′ Fish and Poultry Display Case Complete, No. 5018." A metal strip attached to the case had the figures "5018" stamped on it. In passing on the sufficiency of this description, the court said: "It may be, as the oral evidence indicates, that the case was manufactured by Ed Friedrich; that his name as the manufacturer was stamped thereon, and that the number '5018' is his serial number intended to designate this particular display case. Nevertheless that fact is not disclosed by the mortgage and cannot be added thereto by parole."

In the present case, the contract nowhere specifies that the numbers given are those of the C. Nelson Manufacturing Company; appellee being designated only as seller, and no other connection with the property being shown. Neither the instrument nor the evidence shows that the name of appellee was stamped on the cabinets. There is nothing to indicate the manner of assigning the numbers or the purpose for which they are shown. If there is conflict, we are bound to follow the Supreme Court of Mississippi in National Foods v. Friedrich, supra, in preference to our own Liquid Carbonic Corporation v. Phillips, supra. See Hines Trustees v. Martin, 5 Cir., 296 F. 442, affirmed 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050.

In the Phillips Case, the property was designated in the written instrument as a soda fountain. In the present case, there is nothing to show that ice cream cabinets are intended. Indeed, the testimony of the expert introduced as a witness by appellee does not show that the code letters used in the instrument signify this species of property. To illustrate, the Code "4—PD4" when deciphered means: Quantity 4, portable; double row, 4 holes. There is no sign, letter, or character to designate the class of property, even if reference is made to the sales list or catalogue of appellee. In the Kelly Case, approved alike by this court and the Supreme Court of Mississippi, the mortgage was upon land, crops, and "30 head of cattle, 6 oxen, 3 horses, 2 mules, 3 wagons [and] 50 hogs." The property embraced in the above-quoted description was levied upon by a judgment creditor. The levy was upheld over the claim and objection of the mortgagee. In that part of the opinion so frequently quoted, the court undertook to establish a general rule under which property difficult of description could be subjected to a

mortgage and the description applied. By way of illustration, the court said that if the description had been "my stock of cattle, consisting of about 30 head," or "the stock of cattle on the O'Reilly place, consisting of," it would have been sufficient, provided the instrument manifested an intention to convey all that came within the description or the number given did not exceed the number actually found. But in the present case we are confronted with a description that does not specify even the generic character of the property. If, as was said in the Kelly Case, the mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind; the primary inquiry must be, what kind of property is described? In the language of the Kelly Case, it "must be stated in the mortgage itself. It cannot be proved by parole evidence without thereby adding to the mortgage a term not contained in it." Therefore, even under Liquid Carbonic Corporation v. Phillips, supra, this case should be reversed. For these reasons, I respectfully dissent.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.