## EILAND *v*. CASTLE.

(Division A. Oct. 23, 1939.)

[191 So. 492. No. 33837.]

J. W. Conger, of Winona, for appellant.

**R. E. Spivey, Jr.,** of New Orleans, Louisiana, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, in the capacity as trustee in a deed of trust executed by appellant in favor of the Oxford Production Credit Association on personal property, took possession of certain personal property claimed to be covered by the deed of trust and was proceeding to foreclose the deed of trust in pais upon the ground of the condition broken. Appellant replevied the property giving a forthcoming bond therefor. There was a trial resulting in favor of the trustee. From that judgment, appellant prosecutes this appeal.

The indebtedness secured by the deed of trust was overdue and unpaid. This is unquestioned. The questions are: (1) Whether the description of the property covered by the deed of trust is void; (2) whether the proposed advertisement and sale would have been void if it had taken place; (3) whether appellant was entitled to the judgment on the forthcoming bond for a reasonable attorney's fee.

(1) The property conveyed by the deed of trust is therein described as follows: "All crops of cotton, corn, truck and other agricultural products growing or to be grown by grantor and by anyone for him, or in which he may have any interest, and produced during the year 1938, and particularly upon that tract of land in Montgomery County, Mississippi, described generally as: The farm, containing 240 acres, owned by Alex Eiland and cultivated during said year by Grantor, located 5 miles North of Kilmichael, Mississippi, Minerva Public Road, bounded, on North, by lands of C. A. Townsend, on East, by lands of C. A. Townsend, on South by lands of C. S. Hamer, and on West, by lands of C. S. Hamer. Also all of my mules, horses, and cattle, consisting, at this time, of 3 head of mules, 0 head of horses, and 1 head of cattle. All farming tools, implements, and machinery. Also intending to convey, and hereby conveying, all property of like kind or class as that hereinabove described; located

on or used in connection with the aforesaid land, whether specifically described or not, and also all increase thereof and additions thereto within twelve months from the date hereof.''

The property taken possession of by the trustee was found on appellant's farm and was owned and used thereon by him in connection with his farming operations. The following is a description of it: ''One Black Mare Mule named Bell, about 7 years old, one Red Horse Mule named Tom, about 15 years old, one Bay Mare Mule named Low, about 10 years old, one unnamed grade jersey cow, and all plow tools, equipment, and machinery used and owned by said Alex Eiland. Also about 40 bushels of corn and any and all other feed crops now held by him.'' And the livestock, tools, equipment, and machinery were owned by him when the deed of trust was executed, and the corn and other feed stuff produced within twelve months after its execution. Section 2130 of the Code of 1930 provides as follows:

''A deed of trust or mortgage on all of the chattels of a named class or classes (not including merchandise), described or limited as to locality, owned at the time of the execution of the instrument and on such property of like kind as may be acquired during a stated period not to exceed twelve months, given to secure any and all indebtedness which the grantor may owe the beneficiary during said period, shall be a valid lien against all creditors of the grantor.

''The grantor shall have the right to pay the indebtedness thus secured with interest at any time, though not then due.'' Under the statute the description of the property is valid.

(2) The sale did not take place. The replevin suit stopped it. We do not reach the question whether it would not have been valid if it had taken place as advertised. As between appellant and the trustee in the deed of trust, the latter was entitled to the possession of the property for the purpose of foreclosure. If the man-

ner of advertisement and the place of sale fixed were both or either, unauthorized by law, and if consummated void, it would not follow that appellant was entitled to the possession of the property as against the trustee for any injury thereby resulting to appellant. He would have had his remedy, but not replevin.

(3) The judgment was for the return of the property to the trustee and in default thereof a judgment in favor of the Credit Association for the amount of the indebtedness due it under the terms of the note and deed of trust, and in addition an attorney's fee of $32.24 to reimburse the Credit Association for its outlay in employing an attorney to represent the trustee. The note provided that in the event it was placed in the hands of an attorney for collection, or suit brought on it, or any portion of it, or if collected by a court proceeding, there should be added a reasonable attorney's fee.

Appellant argues that it was error to allow the attorney's fee because the Credit Association's attorney was regularly employed and therefore it was at no expense in employing an attorney to represent it in this cause. Conceding for argument's sake that the principle contended for is sound, the evidence is insufficient to support it. The only testimony on the question was that of the Credit Association attorney. He testified:

"Q. Are you paid by the Production Credit Association in New Orleans to represent it? A. Yes, sir.

"Q. You already represent the Association, do you? A. Yes, sir.

"Q. It wasn't especially turned over to any attorney, was it? A. That's right."

It will be observed that the witness did not testify that the Credit Association paid him a fixed salary to represent it in all litigation including this. For aught that appears to the contrary, he was a regularly retained attorney of the Credit Association, but instead of receiving a fixed salary to cover all of his services as its attorney,

he was to receive reasonable compensation for each separate service rendered.

The other questions raised have not sufficient merit to require an opinion.

Affirmed.