OATES, SUBSTITUTED TRUSTEE, ETC. *v.* McSWAIN

No. 39933
No. 39934          February 6, 1956          85 So. 2d 161

*O. M. Oates,* Bay Springs; *R. E. Spivey, Jr.,* New Orleans, Louisiana, for appellant.

*Jacob E. Ulmer, Jr.,* Bay Springs, for appellee.

ETHRIDGE, J.

For purposes of this decision, these two cases are consolidated. In No. 39,934, on August 17, 1954, appellant-trustee O. M. Oates filed an affidavit in replevin in the Circuit Court of the Second Judicial District of Jasper County. It recited that the described property was covered by a deed of trust, under which the affiant as plaintiff was trustee. The deed of trust, an exhibit to the declaration, describes the livestock substantially as hereinafter quoted, and states that the animals are located on appellee's farm at a stated place, and that it covers all property of like kind and class and its increase within twelve months owned by grantor and located on said land. The affidavit further stated that the property was unlawfully detained by appellee McSwain, and that affiant was legally entitled to its immediate possession. It described the property as follows: "22, Red Pole, White Face Grade, 19 to 23 months old male cows each valued

at $25.00, and 9 Red Pole, White Face, Grade, 15 months old female cows each of value of $25.00, and 36 Red Pole, White Face, Grade, 8 years old, female cows, each, of the value of $35.00, and 22 Red Pole, White Face, Grade 1 week to 5 months old male and female each valued at $25.00, and 1. Registered Hereford Male, 3 years old, tattooed valued at $100.00, and 1. Registered Hereford Male, 4 years old valued at $100.00, making a total value of said property to be $2785.00, the property of your Affiant as substituted Trustee for the use and benefit of Meridian Production Credit Association by virtue of that certain deed of trust dated June 22, 1953, as recorded in chattel deed of trust record 46 page 634, at Bay Springs, Mississippi, executed by Stone D. Mc-Swain to secure a loan of $7,414.35 which said deed of trust is an extension of a former chattel deed of trust dated December 4, 1951 and recorded in book 45 page 176 at Chancery Clerk's office at Bay Springs; for the use and benefit of Meridian Production Credit Association; . . .''

A writ of replevin was issued, and the sheriff's return reflects that service of it was had upon McSwain, and that the sheriff seized 14 cattle described in the manner quoted above ''which property was pointed out to me by Stone D. McSwain as the available property...'' McSwain made no bond, so the trustee made bond and took possession of the property.

On February 28, 1955, appellee moved to quash the affidavit and writ of replevin, alleging that they do not charge that defendant is in possession of the property, do not describe the property, and do not set out the value of each article, as required by Miss. Code of 1942, Sec. 2841. The circuit court sustained this motion, and from that action appellant-trustee has appealed.

A somewhat similar procedure occurred in Cause No. 39,933. On January 15, 1955, which was about five months after the affidavit and replevin was filed in Cause No.

39,934, appellant-trustee filed in the circuit court another affidavit in replevin, apparently directed to cattle other than those seized in August 1954 in the earlier replevin action. The affidavit charged that the livestock was wrongfully detained by McSwain, that affiant is entitled to immediate possession, and that McSwain refused to deliver possession to the same. It described the property as follows: ''All cattle of every kind, class, breed and description situated at this time on the farm possessed and controlled by Stone D. McSwain, whether owned or rented, containing 700 acres more or less, located about 2½ miles North of Moss on local road, Second Judicial District of Jasper County, Mississippi; consisting at this time of about 40 cows, some with calves by side, about 12 heifers, about 12 bulls, and about 10 weaned calves; the cows being of the value of $35.00 each, the heifers being valued at $25.00 each, the bulls valued at $30.00 each, and the weaned calves of the value of $20.00 each making a total value of $2260.00; being the same cattle conveyed in the deed of trust executed by Stone D. McSwain on June 22, 1953 and of record in the Chancery Clerk's office of the Second Judicial District of Jasper County, Mississippi in book 46 page 634; which deed of trust conveyed not only the cattle possessed at the time of the execution of the deed of trust but also all cattle located on or used in connection with the aforesaid land and also all increase thereof and additions thereto within 12 months from the date hereof, not found in former replevin suit and taken. The aforesaid description is the best available to Affiant for the reason that such cattle are in the possession of Stone D. McSwain and are not available for inspection by Affiant; . . .''

A writ of replevin was issued, and the sheriff's return shows that under the writ he took possession of 30 described cattle, and McSwain entered into bond to retain their possession. Appellee-defendant moved to quash

the affidavit and writ of replevin for the same reasons stated above in Cause No. 39,934, and the circuit court sustained that motion, from which this appeal is taken.

■■ Code of 1942, Sec. 2841, provides that the affidavit must state that the property is in the possession of the defendant. Sec. 2842 sets forth a statutory form of affidavit, which recites that the property is "wrongfully detained" by a defendant and that affiant is legally entitled to the immediate possession thereof. The affidavit in Cause No. 39,934 amply follows the statutory form of Code Sec. 2842. It must be read along with Sec. 2841. The word "detain" means to hold in custody and possession. ■■ The affidavit, following Sec. 2842, charges that the property is "unlawfully detained" by McSwain. This is a compliance with the requirement of these statutes. ■■ The later affidavit in Cause No. 39,933 expressly charges that the cattle are in the possession of McSwain.

■■ Appellee contends that the affidavits in both of these causes do not set out the value of each article as required by Code Section 2841, which requires that the affidavit set forth "the value thereof, giving the value of each separate article." However, the quoted descriptions are manifestly a compliance with Sec. 2841 in this respect. They give the value of each type of livestock, and then give the total value of all of the property covered.

■■ Lastly, appellee asserts that the descriptions in the two affidavits are insufficient to properly identify the property. The purposes of a description are to enable the officer serving the writ to identify the property, to let the defendant know what property he is charged with detaining, and to enable the court to make an award of the property. ■■ We think that the descriptions in the affidavits and writs are sufficient. Both refer to the location of the cattle and to the deed of trust and its recorded book and page. No. 39,934 describes the

livestock by grade, sex, breed, age and value. And No. 39,934 is adequate. The affidavits comply with the requirements for such descriptions laid down in the cases of Kelly v. Reid, 57 Miss. 89 (1880), Eiland v. Castle, 186 Miss. 513, 191 So. 492 (1939), and Albritton v. State, 52 So. 2d 608 (Miss. 1951). See also Miss. Code of 1942, Sec. 851; 77 C.J.S., Replevin, Sec. 100; 48 Am. Jur., Replevin, Sec. 73. 14 C.J.S., Chattel Mortgages, Sec. 65. (A clear discussion of the description of animals in chattel mortgages.)

For these reasons the circuit court was in error in sustaining the motions to quash the affidavits and writs of replevin in both No. 39,933 and No 39,934 so these cases are reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

*Roberds,* P.J., and *Lee, Arrington* and *Gillespie,* JJ., concur.